## John F. Talbot v. James E. Scripps and another.

*Corporate wrongs : Joint injury : Remedy : Parties : Stockholders.* The legal redress for a corporate wrong which constitutes a joint injury to all the stockholders should be at the instance of the corporation, which represents all for the purposes of legal remedy; and a stockholder is not entitled to bring suit in his own name for the damage done to him individually, at least not without a showing that the corporate authorities have refused after proper application to act.

*Conspiracy to destroy corporate franchises : Corporate wrong : Remedy : Parties.* A conspiracy with a portion of the directors of a printing and publishing corporation to suspend and destroy the business and franchises of the company, whereby the board of directors of such corporation are induced to suspend the publication of their daily and weekly newspapers for the benefit of a rival establishment, is a corporate wrong, for which the proper remedy is a suit brought in the corporate name.

*Heard January 22. Decided January 29.*

Error to Wayne Circuit.

TALBOT *v.* SCRIPPS.

*Atkinson, Hawley & Atkinson,* for plaintiff in error.

*Otto Kirchner* and *D. C. Holbrook,* for defendants in error.

COOLEY, J.

This is an action by a stockholder in a printing and publishing corporation against two persons who are alleged to have conspired with two of the directors of the corporation to suspend and destroy the business and franchises of the company, and to have induced such directors to suspend the publication of their daily and weekly newspapers for the benefit of a rival establishment, thereby rendering the plaintiff's interest in the corporation worthless. The wrong alleged will be seen to be a corporate wrong, in which all the stockholders are proportionally interested, and any legal redress should be at the instance of the corporation, if the board of directors will consent to demand it. There is no allegation that the board has been requested to bring suit and has refused. Under these circumstances, we know of no ground ou which the suit can be maintained. As well might an individual stockholder bring suit to recover his share of corporate funds which had been lost by negligence or embezzlement, or his proportion of insurance money on the corporate property destroyed by fire. The injury counted on is not a separate injury to each of the stockholders, but a joint injury to all, and the corporation represents all for the purposes of legal remedy; at least until it is shown that the corporate authorities refuse after proper application to act.

The judgment must be affirmed, with costs.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.