(33 App. Div. 225.)

BLISS et al. v. HORNTHAL et al. AUFFMORDT et al. v. SAME.
WHICHER et al. v. SAME.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

1. PARTNERSHIP—INSOLVENCY—TRUST FOR SPECIAL PARTNER.
   A special co-partnership, being in fact insolvent, was dissolved, and the business carried on for a few months by the general partners, who were also continuously insolvent. They paid to H., the special partner, half of his contribution to the original firm, and later, being still insolvent, made a trust deed for the benefit of preferred creditors, including H., for the other half of his contribution, which the trustee paid. *Held*, in a creditors' action, that the payment by the trustee to H. was not justified, for the amount paid belonged to the creditors.

2. SAME—PAYMENTS TO SPECIAL PARTNER—FRAUD.
   *Held*, further, that the earlier payment to H. was in fraud of creditors of the special partnership upon contracts for goods ordered by that firm, or contracts made by it during its existence, although not completed until after it ceased to exist.

3. RELIEF BY ATTACHMENT.
   The same results would follow in an action in aid of an attachment, under Code Civ. Proc. § 655, subd. 2.

Appeal from special term, New York county.

Action by Cornelius N. Bliss and another, Clement A. Auffmordt and others, and Thomas A. Whicher and others against Lewis M. Hornthal and Gus Lewy, as trustees, impleaded with others. From judgments in favor of plaintiffs in each of the actions, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Nathan Ottinger, for appellant Hornthal.
Lloyd McK. Garrison, for appellant Lewy.
Charles E. Hughes, for respondents.

McLAUGHLIN, J. These actions were brought to compel the restitution by the defendant Hornthal of certain moneys received by him from the firm of Weis Bros., composed of the defendants Albert and Robert Weis, and from the defendant Lewy as trustee for the benefit of certain preferred creditors of said firm. The plaintiffs in each action recovered judgment, from which the defendants Hornthal and Lewy have appealed. The legal principles applicable to, and controlling upon us in disposing of, the questions presented, were settled and declared by the court of appeals in Baily v. Hornthal, 154 N. Y. 648, 49 N. E. 56, unless the facts established upon the trial of these actions are different than those established upon the trial of that action. Upon the trial it was made to appear, and the trial court found as a fact: That in April, 1886, the defendants Albert Weis, Robert Weis, and the defendant Hornthal formed, under the firm name of Weis Bros., pursuant to the statute of the state of Texas, a limited co-partnership, in which Hornthal was the special, and the other two the general, partners. That the capital contributed by Hornthal was $50,000. That the limited co-partnership was renewed and continued from time to time until April 30, 1891, when it was succeeded by

the general co-partnership of Weis Bros., composed of Albert and Robert Weis alone. The general co-partnership took all of the assets of the limited co-partnership, and continued the business theretofore carried on by it, without interruption or apparent change of any kind, until November 5, 1891. On the 23d of May, 1891, the general co-partnership paid to Hornthal $25,000,—a portion of the capital contributed by him to the limited co-partnership. On the 5th of November, 1891, being unable to pay its obligations, the general co-partnership failed; its failure being first made known by the execution of a deed of trust, delivered on that day to the defendant Lewy, as trustee, for the benefit of certain creditors, whose claims aggregated upwards of $225,000. In this deed of trust the defendant Hornthal was preferred for the balance of the capital contributed by him to the limited co-partnership, together with interest thereon from the date of his withdrawal, amounting at that date to $26,433.34. It was also made to appear, and the trial court found, that at and prior to the time Hornthal withdrew from said firm the limited co-partnership was insolvent, and that the capital contributed by the defendant Hornthal had been wholly exhausted, and that the general co-partnership of Weis Bros. on the 30th day of April, 1891, and at all times thereafter, including the partners Albert and Robert Weis, were insolvent, and unable to pay their debts in full. It was also made to appear that at the time the firm made the trust deed, in November, 1891, it was indebted in something over $700,000, of which over $300,000 was unsecured, and the only assets which the firm had to meet such unsecured claims were cash and accounts then estimated to be worth less than $175,000; that the debts of the firm then apparently exceeded the assets by $150,000, and subsequent events demonstrated that they actually exceeded them by over $200,000.

The first two actions were brought in aid of judgments recovered by the plaintiffs, and the other one in aid of an attachment. A portion of the indebtedness was contracted before the expiration of the limited co-partnership, and a portion of it thereafter. As to the former the theory of the plaintiffs is that, as creditors of the limited co-partnership, they were entitled to payment before any of the special capital of Hornthal could be withdrawn; and, as to the latter, that, the special co-partnership being insolvent at the time of its dissolution, the new firm had no right to apply any of its assets, whether derived from the special co-partnership or otherwise, to the reimbursement of Hornthal's special capital, because he then had no enforceable claim for that capital, or any part of it. Upon examination of the record in the Baily Case, it will be found that the right of the plaintiffs to maintain these actions upon the theories referred to was there not only settled and determined, but that the facts there established were substantially the same as the facts established upon the trial of these cases. Upon the trial of these actions further evidence was given tending to show the actual insolvency of the special co-partnership at the time Hornthal withdrew. The books of account of the firms were not offered in evidence upon the trial in the Baily Case, but were upon the trial of these cases; and from the books of account,

and other evidence taken in connection therewith, the conclusion is irresistible that the special co-partnership of Weis Bros. on the 30th of April, 1891, was insolvent and could not pay its debts in full. It is undoubtedly true that there is no legal presumption that the firm was insolvent in April because its successor failed in November, but, as the court of appeals said in the Baily Case, "the difference between the assets and liabilities at the latter date was so overwhelmingly large as to require explanation." This the defendants did not give. The general co-partnership, as we have seen, succeeded the special co-partnership on the 30th of April, 1891, and six months later failed, with liabilities at least $200,000 in excess of its assets; and no evidence was offered whatever showing or tending to show that this large excess of liabilities accrued intermediate the termination of the special co-partnership and the failure of the general one. The existence of liabilities to this extent in excess of assets, without explanation, taken in connection with the books of account, amply sustains the finding made by the trial court, that the firm was insolvent on the 30th of April, 1891, and the new firm continued to be insolvent from that time until its failure, in November, and that Albert and Robert Weis were also insolvent. It is true, an attempt was made on the part of the defendants to show that at the time Hornthal withdrew there were apparently other assets, consisting of the good will of the business, etc., which should be considered. This is undoubtedly true, but the evidence thus offered did not destroy or overcome the force of the evidence offered on the part of the plaintiffs showing insolvency. Prospective or estimated values of property are not a genuine test of solvency of the owner. One is insolvent whenever he does not have property, the actual value of which is sufficient to pay his debts in full.

In the Baily Case the court held that the payment by the trustee to Hornthal was not justified, inasmuch as the amount paid belonged to creditors; and that decision, in so far as it relates to that portion of the relief demanded here, is conclusive. The question of Hornthal's liability to restore the $25,000 paid to him in May, 1891, was not definitely determined in the Baily Case, inasmuch as that question was not then before it. It is, however, squarely presented here; and we are of the opinion that that payment was in fraud of the rights of these plaintiffs, in so far as they were creditors of the special co-partnership upon contracts for goods ordered by that firm or contracts made by such firm during the existence of the limited co-partnership, although the contracts were not completed or the goods actually delivered until after the special co-partnership ceased to exist. At the time of the dissolution of the special co-partnership the executory contracts then existing formed a liability of that concern. There is nothing to indicate that, at the time these contracts were entered into, it was then contemplated by any of the plaintiffs that any other liability should exist than that of the special co-partnership upon these contracts. The fact that the goods were not delivered until afterwards, and then to the new firm, did not absolve the

old firm from performing its contracts by paying what it had agreed. The contracts were made and the goods ordered by the special co-partnership, and the obligation to pay rested upon it. The dissolution of a firm does not terminate its contracts. Briggs v. Briggs, 15 N. Y. 471; Merrill v. Blanchard, 7 App. Div. 167, 40 N. Y. Supp. 48. As was said in Kennedy v. Porter, 109 N. Y. 552, 17 N. E. 436:

"A firm always continues to exist for the purpose of collecting, settling up, and distributing its assets, and performing its antecedent engagements." Griswold v. Waddington, 16 Johns. 438; Hubbard v. Matthews, 54 N. Y. 43; King v. Leighton, 100 N. Y. 386, 3 N. E. 594.

It was said by the chancellor, in the Griswold Case, that:

"A dissolution of a partnership only has respect to the future. The parties remain bound for all antecedent engagements. The partnership may be said to continue as to everything that is past, and until all pre-existing matters are wound up and settled."

The defendant Lewy, in the answer interposed by him, alleges that the money paid by him to Hornthal under the trust deed was paid by mistake, or under a misunderstanding of the facts, and that in equity he, as trustee, is entitled to the return of that money, in order that it may be disbursed by him in pursuance of the other provisions of the trust deed. The court below rejected his claim. There does not seem to be any proof of mistake, or of any misunderstanding. The money was paid under, and in pursuance of the authority contained in, the trust deed, and not otherwise. The trustee merely carried out the provisions of the trust, as he was authorized and directed by the power appointing him. He had no option. He was obliged, under the trust deed, to do just what he did. It was not open to him to dispute the validity of the preference to Hornthal, and a return of that money to him now would do no good, because he could do nothing with it, except apply it as directed in the trust deed. Under that instrument, it must go for that preference, or not at all. This is so clear that it does not need the citation of authorities to sustain the proposition, and no further reference will be made to it.

The Whicher action is different from the other two, in that it is brought in aid of an attachment. The questions, however, involved, are the same in all respects, save as they relate to the form of the action. The plaintiffs' claim arises out of a contract antedating the dissolution of the limited co-partnership, and we see no reason why the plaintiffs are not entitled to the relief asked. By the provisions of the Code (section 655, subd. 2), they are entitled, pursuant to an order of the court, to maintain, with the sheriff, against any person or persons, any action "which may now be maintained by a judgment creditor in a court of equity either before the return of an execution in aid thereof, or after return of an execution unsatisfied." The action is, as we have already seen, in aid of an attachment, and the plaintiffs are entitled to reach whatever judgment creditors may reach in a judgment creditors' action. As judgment creditors of Albert and Robert Weis are entitled, upon the ground of insolvency of the limited co-partner-

ship, to complain of the attempt of the judgment debtors to prefer Hornthal out of their property, and to compel him to account for the money received, so the plaintiffs, under the statute, having complied with all of its conditions, are entitled to similar relief.

After a careful consideration of the voluminous record before us, we have been unable to find any material difference between the facts established in these cases and those established in the Baily Case. Indeed, the facts here are more unfavorable to the defendants than in that case. It therefore follows that each of the judgments appealed from must be affirmed, with costs. All concur.