1. PARTNERSHIP—DISSOLUTION—INSOLVENCY.
    Where, in the six weeks between a dissolution of a partnership and
    the failure of the remaining partner, the. estimated assets shrunk from
    $13,000 in excess of liabilities to $16,000 below them, insolvency at time
    of dissolution, without explanation, would be inferred.

2. SAME—TRANSFER OF ASSETS.
    Though, on dissolution, title to firm property vests in the remaining
    partner as his private estate, he cannot transfer the same in payment
    of his individual debts, unless at time of transfer the firm is solvent,
    with assets, besides the capital withdrawn, sufficient to pay firm debts.

Accounting of Henry H. Petze, as assignee of George F. ˙Taylor.
Motion to confirm referee's report.   Modified and confirmed.

J. L. Bennett, for the motion.
W. Parker, opposed.
Levi S. Hulse, for claimant.

NASH, J.   Where one of two partners retires from business, re-
linquishing to the other all his interest in the partnership property,
the remaining partner acquires the same dominion as if it had ever
been his own separate property.   The transfer being in good faith,
the title vests in the remaining partner as his own private estate, free
from any lien or equity of partnership creditors, and such remaining
partner may lawfully transfer such property in payment of his indi-
vidual debts.   Dimon v. Hazard, 32 N. Y. 65; Stanton v. Westover,
101 N. Y. 265,˙ 4 N. E. 529.   But the transfer cannot be upheld as
against firm creditors unless at the time of the transfer the firm is
solvent, and there remain sufficient assets, beside the capital with-
drawn by the retiring partner, to pay the debts of the firm.   Menagh
v. Whitwell, 52 N. Y. 153; Baily v. Hornthal, 154 N. Y. 648, 49 N.
E. 56; Bliss v. Hornthal, 33 App. Div. 225, 53 N. Y. Supp. 493.
Here the evidence before the referee is to the effect that the firm of
George F. Taylor & Brush, at the time that Taylor gave his notes to
his partner, Brush, for his interest in the business, was insolvent.
They estimated the value of the assets at $32,757.26 (good will, $6,500;
stock, $7,680.11; cash, $213.54; fixtures and machinery, $1,400; bills
and accounts receivable, $16,963.61); bills and accounts payable,
$20,010.90.   The stock ($7,680.11) consisted of a quantity of bone
black, pledged for advances and loans, and for which there was no
market; and within six weeks thereafter it was taken for a debt,
leaving a deficiency.   The estimate of $6,500 for the good will was
based upon nothing tangible.   Brush could not tell anything about
the value of the bills receivable ($16,963.11), a good portion of which
were pledged to secure indebtedness.   Within six weeks after ·the
transfer, when Taylor, who continued the business, assigned, the as-
sets, which, as estimated for the purposes of the sale to Brush, had
exceeded liabilities $12,746.36, shrunk so that the liabilities exceeded
the assets $15,661.09.   This discrepancy is so great that, without ex-
planation, insolvency of the firm at the time of the transfer would be

inferred if there were no evidence, such as we have, that the firm liabilities largely exceeded the assets. The report of the referee should be modified by disallowing the claim of John H. Ireland, assignee of L. T. Brush, and corrected in the particulars conceded, and, as so modified, corrected and confirmed, and the motion to confirm in other particulars granted.

Ordered accordingly.