## FUHRMANN et al. v. VON PUSTAU et al.

(Supreme Court, Appellate Division, First Department.  June 5, 1908.)

1. PARTNERSHIP—ACTIONS ON FIRM OBLIGATIONS—LIABILITY OF SPECIAL PARTNER—STATUTORY PROVISIONS.

Partnership Law, Laws 1897, p. 565, c. 420, § 36, provides that special partners shall not be liable for the firm debts beyond the fund contributed.  Section 37 provides that, if a special partner interferes with the transactions of the copartnership, he shall be liable as a general partner, and, if the firm becomes insolvent or bankrupt, a special partner shall not, except for claims contracted in pursuance of that section, be allowed to claim as creditor until the claims of all other firm creditors are satisfied.  Section 38 provides that actions and special proceedings in relation to the firm business may be brought and conducted by and against the general partners in the same manner as if there were no special partners.  Section 39 provides that no part of the contribution of a special partner to the capital can be withdrawn by him or paid or transferred to him as dividends, profits, or otherwise, at any time during the continuance of the partnership; but a special partner is authorized to receive interest on the money contributed, and, after the payment of such interest, a share in the profits.  It also provides that, if by the payment of interest or profits the original capital is reduced, the partner receiving the same must restore the amount necessary to make good his share of the capital, with interest, and he becomes liable as a general partner for debts contracted until he returns such amount to the extent of the amount withdrawn.  *Held*, that, upon the organization of a special partnership complying with the statute, a special partner is not a proper party to an action brought to enforce a firm obligation, unless he becomes liable as a general partner under the provisions of the law.

2. SAME—WITHDRAWAL OF SPECIAL PARTNER'S INVESTMENT—EFFECT.

The last clause of section 39, making a special partner liable for debts contracted until he returns the amount that he has withdrawn, does not make a special partner individually liable for the debts of the copartnership, when it does not appear that he withdrew his contribution during the continuance of the partnership, and while a withdrawal of his capital by a special partner during the continuance of the partnership makes him liable as a general partner to all the firm creditors until the withdrawal is returned, to the extent of the capital so withdrawn, his liability is restricted to the amount actually withdrawn, and where the copartnership has expired by limitation, and the capital contributed by a special partner has been returned, it is still subject in his hands to the payment of the copartnership debts, and the liability may be en-

forced by a creditor's action after his remedy against the firm assets has been exhausted.

**3. SAME—RIGHTS OF CREDITORS—CREDITOR'S BILL—CONDITIONS NECESSARY.**
While the dissolution and return of contributions to the special partners would be binding upon the parties, and the general partners could not complain if it subsequently appeared that the firm was insolvent, the transaction would be invalid as to creditors, and the withdrawn capital would become an equitable asset which could be reached by the method provided by law for reaching equitable assets of a debtor, though such relief could be obtained only on proof that the firm creditor had no remedy at law, which could only be shown by recovery of judgment against the general partners and the inability to enforce execution.

**4. SAME—PLEADING—SUFFICIENCY.**
A complaint against P. and H. alleged that P. was a general partner, and H. was a special partner who had contributed $50,000; that the special partnership expired by limitation on January 6, 1906, when H. received the $50,000 contributed by him, though the accounts had not been adjusted. Further allegations were made showing a partnership debt to plaintiff, and judgment against P. was asked for the amount due, and against H. to the extent of the $50,000 withdrawn from the copartnership. There was no allegation that the partnership was insolvent before or after the withdrawal of H.'s contribution, nor was it otherwise shown that H. had become liable as a general partner under the statute. *Held*, that the complaint was insufficient as against H., since it did not state facts justifying its maintenance as a creditor's bill, and no claim could be enforced against H. before the legal remedies against P. were exhausted.

McLaughlin, J., dissenting.

Appeal from Special Term.

Action by Ernst Richard Fuhrmann and another against Carl von Pustau and August Hecksher. From a judgment sustaining a demurrer by Hecksher to the complaint, plaintiffs appeal. Affirmed, with leave to amend.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William D. Gaillard, for appellants.

Justus P. Sheffield, for respondents.

INGRAHAM, J. The complaint, the sufficiency of which is the question presented on this appeal, alleged: That the defendants were copartners; the defendant Von Pustau being the general partner, and the defendant Hecksher a special partner, who had contributed the sum of $50,000 to the copartnership. That this special partnership expired by limitation on January 6, 1906. That on or about said 6th day of January, 1906, Hecksher, the special partner, received from the copartnership the sum of $50,000, theretofore contributed by him, and withdrew such amount from the copartnership assets, although the accounts between the plaintiffs and the copartnership had not been adjusted and a full payment made by the copartnership to the plaintiffs of the balance due them. It is then alleged that there were certain transactions between this copartnership and the plaintiffs under an agreement that became operative on the 1st of January, 1900, and under which between January 1, 1900 and September 1, 1905, the plaintiffs consigned to the copartnership, consisting of the defendants, a large quantity of merchandise, which was received by the copart-

nership. That the copartnership rendered account sales of this merchandise from time to time and made remittances to the plaintiffs. That these account sales were incorrect, and on several consignments the copartnership received various sums of money in excess of that for which it had accounted to the plaintiffs. That the defendants have refused to make further accountings, have altogether failed to account for upwards of 10 consignments made to the copartnership by the plaintiffs prior to September 1, 1900, and there is a large amount due and owing by defendants on account of said consignments. And the plaintiffs demand an account by the defendants for all the consignments of merchandise made to them by the plaintiffs under the contract as aforesaid, and that plaintiffs have judgment against the defendant Von Pustau as may appear on such accounting to be due them and against defendant Hecksher to the extent of the $50,000 withdrawn by him from the said copartnership, and for other and further relief. The defendant Hecksher, the special partner, demurred to this complaint on the ground that as to him the complaint did not state facts sufficient to constitute a cause of action.

There is no allegation in this complaint that this special partnership was insolvent either before or after the withdrawal of the contribution of the special partner, or that at the time of the termination of the copartnership there was any debts owing by it, except the debt to the plaintiffs.

By the partnership law (chapter 420, p. 560, of the Laws of 1897), what are called "limited partnerships" are authorized. Section 36 of that act provides that the general partners shall be jointly and severally liable as general partners, and that the special partners shall not be liable for the debts of the partnership beyond the fund contributed by them, respectively, to the capital of the partnership. By section 37, the general partners only may prosecute the business of the partnership, but the special partner is authorized to have certain transactions with or for the partnership, and it then provided that, if a special partner interferes with the transactions of the copartnership, except as therein authorized, he should be deemed to be liable as a general partner, and, if such partnership becomes insolvent or bankrupt, a special partner shall not, except for claims contracted in pursuance of this section, be allowed to claim as creditor until the claims of all other creditors of the partnership are satisfied. Section 38 provides that actions and special proceedings in relation to the business of the partnership may be brought and conducted by and against the general partners in the same manner as if there were no special partners. Section 39 provides that no part of the sum which a special partner contributes to the capital stock shall be withdrawn by him or paid or transferred to him in the shape of dividends, profits, or otherwise, at any time during the continuance of the partnership; but a special partner is authorized to receive interest on the money contributed, after payment of such interest a share of the profits, and it then provided:

"But if by the payment of such interest or profits of any special partner the original capital is reduced, the partner receiving the same must restore the amount necessary to make good his share of the capital with interest,

and he becomes liable as a general partner for debts contracted until he returns such amount to the extent of the amount so withdrawn."

Under these provisions, upon the organization of the partnership complying with the statute, a special partner is not a proper party to an action brought to enforce a firm obligation, unless he becomes liable as a general partner. The allegation of the complaint is that a limited partnership was duly formed, and therefore the special partner did not become liable for the firm's indebtedness, unless under some provision of the statute he has lost the protection given to him as special partner and become liable as a general partner. There is no violation of section 37 of the partnership law alleged. Nor does it seem that section 39 was violated, for it is not alleged that any sum which this special partner contributed was withdrawn by him or paid or transferred to him during the continuance of the partnership. There is no violation of section 40 alleged, and there is nothing in the partnership law that I can see that either makes the defendant Hecksher liable as a general partner, or justified a creditor in making him a party to an action to enforce a claim against the partnership which was incurred before he withdrew the money that he had contributed. The addition of the last clause of section 39, making a special partner liable for debts contracted until he returns the amount that he has withdrawn, does not make the defendant individually liable for the debts of the copartnership, for it is not alleged that he withdrew his contribution to the copartnership during its continuance. It is undoubtedly true that by the withdrawal of the contribution to the copartnership by the special partner, after the termination of the copartnership, there was constituted in the hands of the special partner a fund which was liable to the debts of the copartnership, and which could be reached by a creditor of the partnership, if the creditor failed to obtain satisfaction for his debt from the copartnership property or from the individual liability of the general partners. But the withdrawal of the amount paid to the special partner after the termination of the copartnership did not, under the statute, make the special partner liable for the firm debts, or authorize a creditor to reach these equitable assets of the copartnership except by a creditor's bill after his remedy against the firm property and the general partners individually has been exhausted.

The case of Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55, 4 Am. St. Rep. 436, was a creditor's bill filed by a creditor of a special partnership after a judgment had been recovered against the general partners upon which execution was issued and returned unsatisfied; the complaint alleging that the firm was insolvent, and, while so insolvent and indebted to the plaintiff's assignor, the defendant was paid and withdrew from the copartnership assets the amount contributed by him as special capital. The judgment demanded was that the defendant be adjudged liable as a general partner of said firm, and that the plaintiff have judgment for a sum stated which was the amount alleged to have been withdrawn by the defendant from the firm assets. The Court of Appeals held that the action could be treated as one in the nature of a creditor's bill in equity requiring the defendant to

account for the capital and profits which he, as a special partner of the firm, had drawn out and applied to his own use to the prejudice of the creditors of the firm; that, although the prayer for relief demanded that the defendant be adjudged liable as a general partner, all the necessary facts to enable the court to grant appropriate relief of an equitable nature was stated in the complaint; and that no liability was sought from the defendant grounded upon the fact of his being a general partner. The principal defense in that case was as to the effect of a judgment in a former action between the same parties in which the complaint alleged that the special partner was liable as a general partner and in which the defendant had a judgment which had been affirmed by the Court of Appeals. But it was held that the evidence in the former action could not support this action in the nature of a creditor's bill; that in the former action the liability rested upon the defendant's liability as a general partner, while in the action then under consideration the liability rested upon the different and further facts that the defendant was a special partner, instead of a general one, and the recovery of a judgment and the issuing and return of an execution against the general partners.

The same question was presented to the Court of Appeals in Bailey v. Hornthal, 154 N. Y. 648, 49 N. E. 56, 61 Am. St. Rep. 645, where an action in the nature of a creditor's bill, based upon a judgment against the general partner, with execution thereon returned unsatisfied, to compel a return of the capital contributed by a special partner, and which had been withdrawn after the termination of the partnership, but when it was insolvent, was sustained; the court saying:

"In this case the judgment is in the form of one rendered in an action at law, yet the plaintiffs could not have prevailed without first showing that they had exhausted all their remedies at law. Having a judgment against the Messrs. Weis only, they could not issue an execution against Mr. Hornthal without first obtaining a decree of a court of equity that the latter had money in his hands which equitably belonged to the creditors of the former."

Upon the same state of facts a creditor's bill was sustained by this court in Bliss v. Hornthal, 33 App. Div. 225, 53 N. Y. Supp. 493.

It seems to me that the rule is that where, during the continuance of the partnership—that is, before its determination according to the terms of the copartnership articles—any withdrawal by the special partner of his capital contributed to the firm makes him liable as a general partner to all the creditors of the firm until the withdrawal is returned to the extent of the capital contributed that is withdrawn. It is not clear from the statute whether an actual return of the capital to the copartnership would terminate his liability as to those creditors whose debts had been incurred prior to the time of the withdrawal; but, in any event, his liability is restricted to the amount of the capital thus actually withdrawn. That where the copartnership had expired by limitation, and the capital contributed by the special partner had been returned to him, it is still subject in his hands to the payment of the debts of the copartnership, the liability for which can be enforced by a creditor's action brought by a creditor after he has exhausted his remedy against the copartnership assets. It seems to me that this conclusion is reasonable, for, as between the general partners and the

special partners, the dissolution of the copartnership and the return by the general partners to the special partners of their contribution of capital would be binding upon the parties, and the general partners cannot complain if it subsequently appears that the firm was insolvent. It is invalid as to creditors, and the withdrawn capital becomes an equitable asset of the special partnership, which is to be reached by the method provided by law for reaching equitable assets of a debtor. But that relief can only be obtained upon proof that the creditor of the copartnership has no remedy at law to secure the satisfaction of his claim, and that fact can be shown only by the recovery of a judgment against the person primarily liable, namely, the general partner, and the inability to enforce that judgment by execution. Before therefore the plaintiff can enforce any claim against the special partner, he must exhaust his remedy at law against the general partner, and, as there is no allegation in the complaint that would justify the maintenance of this action as a creditor's bill, the court below correctly sustained the demurrer to the complaint.

It follows therefore that the judgment appealed from must be affirmed, with costs, with leave to the plaintiffs to amend the complaint within 20 days, upon payment of costs in this court and in the court below.

LAUGHLIN, HOUGHTON, and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). The firm of Carl von Pustau & Co. was a limited partnership, of which Von Pustau was the general, and Hecksher the special, partner; he having contributed the sum of $50,000. The action is in equity for an accounting concerning certain transactions which took place between plaintiffs and it prior to the withdrawal of the amount contributed by the special partner, and for judgment for such amount as may be found due against the general partner and against the special partner to the extent of the amount withdrawn.

The statute limits the liability of a special partner to the sum contributed by him. This amount, however, he cannot withdraw while the partnership exists. It exists, so far as past transactions are concerned, until its contracts have been satisfied and all its debts paid. A special partner has no legal right, the moment the limitation of the partnership has arrived, to withdraw his capital unless all the obligations of the firm have then been discharged. A withdrawal then works a dissolution only so far as future transactions are concerned. As to the past, the firm continues to exist for the purpose of collecting, settling up, and distributing its assets and performing its antecedent engagements. Bliss v. Hornthal, 33 App. Div. 225, 53 N. Y. Supp. 493.

It may be that plaintiffs could, in the first instance, have proceeded against the general partner, and on the recovery of a judgment, the issuing of an execution thereon, and the return of the same unsatisfied, could then have proceeded against the special partner; but this was not their only remedy. The partnership having expired by limitation, and nothing remaining to be done but discharge the liabilities

of the firm and divide its assets among its members, plaintiff may maintain an action in equity for an accounting, judgment against the firm for the amount found due, and against the special partner to compel him to return to the firm the amount which he withdrew, to the end that the judgment recovered, if any, may be satisfied to that extent.

All of the parties interested in the subject-matter of the litigation are before the court, and it is a general principle of equity jurisprudence that, where the whole subject-matter involved can be settled in a single action, a court of equity will take jurisdiction. Whiting v. Elmira Industrial Ass'n, 45 App. Div. 349, 61 N. Y. Supp. 27; Baily v. Hornthal, 154 N. Y. 648, 49 N. E. 56, 61 Am. St. Rep. 645; Murtha v. Curley, 90 N. Y. 372. The whole subject-matter of the litigation can be settled in this action. Under such circumstances, I can see no necessity of compelling the plaintiffs, before asking the special partner to return the fund which he wrongfully withdrew, to proceed against the general partner; thus possibly subjecting them not only to delay, but to the trouble, annoyance, and expense of maintaining two actions, when it could just as well be done in one.

For these reasons I am unable to vote for an affirmance of the judgment appealed from. In my opinion the complaint states a good cause of action, and the judgment should be reversed, with leave to the defendant Hecksher to withdraw his demurrer and interpose an answer on payment of the costs in this court and in the court below.