**Jack J. GRYNBERG, d/b/a Jack Grynberg and Associates, Plaintiff,**

v.

**B. B. L. ASSOCIATES, Philip E. Bernstein, Jr., Williams Billings, and James R. Loewenberg, Defendants.**

**Civ. A. No. 76–A–409.**

United States District Court, D. Colorado.

June 6, 1977.

William R. Fishman and Marc N. Geman, Denver, Colo., for plaintiff.

Isaacson, Rosenbaum, Spiegleman & Friedman by Sheldon E. Friedman, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

Defendants move for summary judgment asserting ". . . court does not have diversity jurisdiction." However, summary judgment is not the proper vehicle for raising the issue of diversity jurisdiction. I will therefore treat this motion as a "suggestion" that the court lacks jurisdiction pursuant to F.R.C.P. 12(h)(3). See

*Hopkins v. Wasson,* 227 F.Supp. 278 (E.D. Tenn.1962), *aff'd,* 329 F.2d 67 (6th Cir. 1964), *cert. denied,* 379 U.S. 854, 85 S.Ct. 102, 13 L.Ed.2d 57 (1964). *See also:* *Kantor v. Comet Press Books Corp.,* 187 F.Supp. 321 (S.D.N.Y.1960); *Navios v. National Maritime Union of America,* 236 F.Supp. 657 (E.D.Penn.1964), *aff'd,* 359 F.2d 853 (3d Cir. 1966), *cert. denied,* 385 U.S. 900, 87 S.Ct. 205, 17 L.Ed.2d 132 (1966); *Martorano v. Hertz Corp.,* 415 F.Supp. 295, at 296 (E.D.Penn.1976). Plaintiff is Jack Grynberg, d/b/a Jack Grynberg and Associates, the sole general partner of a limited partnership organized under Colorado law. He seeks to recover the purchase price of a one-fourth limited partnership interest from defendant, one of the limited partners. Defendant is a general partnership whose three partners are residents of Illinois. Defendant urges that this court does not have diversity jurisdiction over this action under 28 U.S.C. § 1332, in that there is no diversity of citizenship between defendant and another of plaintiff's limited partners, Ivan G. Strauss, who is not a party to this action. It is not contended that there is no diversity of citizenship between defendant and plaintiff; therefore the question posed by this motion is whether identity of citizenship between defendant and a limited partner of plaintiff is fatal to diversity jurisdiction.

I

■■■ Section 1332(c) of 28 U.S.C. was amended in 1958 to provide corporations with dual citizenship; that is, a corporation is a "citizen" for diversity purposes. *See,* Wright, Law of Federal Courts, § 27, at 89, n. 17 (1970). However, the "citizenship" of unincorporated associations, for diversity purposes, generally depends on the citizenship of each member of the association. *United Steelworkers of America, AFL–CIO v. R. H. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Jett v. Phillips & Associates,* 439 F.2d 987, 990 (10th Cir. 1971); *Arbuthnot v. State Auto Insurance Association,* 264 F.2d 260, 262 (10th Cir. 1959). With respect to "citizenship" of limited partnerships organized under state statute, there is some uncertainty as to the effect of limited partners' residences on diversity. Two approaches have been utilized by which to analyze the nature of the limited partnership for determining diversity of citizenship.

A. *Capacity to Sue under State Law*

Whether a limited partner is a proper party to a lawsuit under state law was a primary consideration in determining diversity of citizenship between the parties in *Colonial Realty Corporation v. Bache and Co.,* 358 F.2d 178 (2d Cir. 1966), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966). There the court said:

The argument is that a limited partner of Bache & Co. is a citizen of Delaware and that diversity is thereby destroyed under the venerable doctrine of *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806). The district judge recognized that the citizenship of a limited partnership was not sufficiently made out for diversity purposes by alleging the state of its organization, even though state law permitted the partnership to sue or be sued in the firm name. *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900). But he correctly held that *where, as here, there was diversity between the plaintiff and all the general partners of the defendant, identity of citizenship between the plaintiff and a limited partner was not fatal because under the applicable New York statute a limited partner "is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership."* N.Y. Partnership Law § 115. In the absence of a claim of insolvency of the partnership, see *Klebanow v. New York Produce Exchange,* 344 F.2d 294, 298 (2 Cir. 1965); *Fuhrmann v. Von Pustau,* 126 App.Div. 629, 111 N.Y.S. 34 (1st Dept. 1908), a suit brought against a New York partnership must thus be considered to be against the general partners only and identity of citizenship between a limited partner and the plaintiff does not destroy diversity. (Emphasis Supplied.)

358 F.2d at 183. *See also, Erving v. Virginia Squires Basketball Club*, 349 F.Supp. 709 (E.D.N.Y.1972); 68 C.J.S. *Partnership* § 486; 60 Am. Jur.2d, *Partnership*, § 390.[1]

◼ The court's decision that New York's limited partnership law was determinative of diversity jurisdiction was apparently based on Rule 17(b), Fed.R.Civ.P. Rule 17(b) provides, in part: ". . . In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . ." If the individual is not a proper party to a proceeding by or against the partnership, it would seem reasonable that he need not be considered to determine diversity between the parties.

The Colorado Uniform Limited Partnership Law, 1973 C.R.S. § 7–61–101, *et seq.*, is virtually identical to the New York statute on which the *Colonial Realty* opinion was based. Section 7–61–127 of the act provides that

A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, *except where the object is to enforce a limited partner's right against or liability to the partnership.* (Emphasis supplied.)

*Colonial Realty* is not dispositive of the issue presented here because that was an action by a third party corporation to enforce an obligation of the limited partnership; the case at bar involves a limited partner's obligation to the partnership. Therefore, further analysis is necessary.

B. *Nature of the Individual's Interest in the Limited Partnership Association*

One court has held that the residence of *any limited partner* can destroy diversity, even where the suit does not involve a limited partner as a party. Although the district court in *Carlsberg Resources v.*

*Cambria Sav. & Loan Ass'n*, 413 F.Supp. 880 (W.D.Pa.1976), aff'd, 554 F.2d 1254 (3rd Cir. 1977) distinguished *Colonial Realty, supra*, on the facts, its ruling was based on the nature of the individual—general or limited—partner's interest in the assets of the limited partnership.

In *Donroy, Ltd. v. United States*, 301 F.2d 200, 206–207 (9th Cir. 1962), involving a similar California partnership, the Court of Appeals stated:

"In the State of California, . . . a partnership, unlike a corporation, is considered to be not a legal entity, but an association of individuals. Our attention has not been called to any authority to the effect that a limited partnership in this respect is any different from a general partnership. . . .

Under this concept of partnership as an association of individuals, it follows that each partner, whether general or limited has an interest as such in the assets and the profits of the partnership, . . ."

413 F.Supp. at 882. The lower court did not consider the "capacity to sue" approach based on the Uniform Partnership Act. The opinion emphasized that only corporations were "citizens" within the terms of 28 U.S.C. § 1332(c), and that it was for Congress, not the courts, to extend recognition of "citizenship" to the limited partnership entity. *Id.*

## II

◼ Although the courts in *Colonial Realty Corp. v. Bache & Co., supra,* and *Carlsberg Resources v. Cambria Sav. & Loan Ass'n, supra,* reached opposite conclusions about the effect of limited partners on diversity jurisdiction, it is clear that both courts were attempting to avoid characterizing the limited partnership as an entity for diversity purposes. Although the limit-

---

1. *Erving* has been criticized as inconsistent with *Baer v. United Services Automobile Assoc.*, 503 F.2d 393 (2d Cir. 1974). *See, Carlsberg Resources v. Cambria Sav. & Loan Ass'n*, 413 F.Supp. 880, 883, n. 10 (W.D.Pa. 1976), aff'd No. 76–1945, 554 F.2d 1254 (3d Cir. filed May 4, 1977). In *Baer,* an unincorporated inter-insurance exchange was organized pursu-

ant to a Texas statute under which the insured were members of the association, with limited liability; the court held this was not a corporation with "citizenship," and "citizenship" must be based on the residence of each member of the association. *See also, Arbuthnot v. State Auto Insurance Association, supra.*

ed partnership is a business entity created by statute and which can sue or be sued in its entity name, it is not a corporate entity for diversity purposes. Congress has not so extended 28 U.S.C. § 1332(c), nor have the courts given the limited partnership such status.[2] I believe both courts would agree that a limited partnership is basically an association of individuals, but that it has some quasi-corporate characteristics provided by the state limited partnership statute. The question over which the courts differ, and which must be considered now, is the effect the State Statute has on a determination of whether there is diversity jurisdiction. I have held that a similar statute did not confer jurisdictional attributes on a joint venture.[3]

 I now conclude that the Colorado Uniform Limited Partnership Act, 1973 C.R.S. § 7–61–101, *et seq.*, has no effect on federal diversity jurisdiction. Were the "citizenship" of individuals in an association to depend on characteristics, such as capacity to sue, derived only from the existence of a state law, federal courts in some states would have jurisdiction over cases which other federal courts could not hear. The question of federal jurisdiction cannot always be decided according to what various states determine the state substantive law should be.[4]

Moreover, as the Third Circuit noted in its opinion affirming the district court in *Carlsberg Resources, supra* at 1262,

. . . to ignore an identity of citizenship between limited partners and litigants with opposing interests, because of reliance on state statutes concerning the capacity to sue, does operate to liberalize access to the federal courts under diversi-

ty jurisdiction. It would seem to follow that Rule 82 bars the utilization of Rule 17 in this context.

Rule 82, Fed.R.Civ.P., states that "[t]hese rules [the Federal Rules of Civil Procedure] shall not be construed to extend or limit the jurisdiction of the United States district courts . . . ." Thus the Court of Appeals held that to the extent Colonial Realty had utilized Rule 17(b) of the federal rules to extend "citizenship" status to limited partnerships, it had "run afoul" of Rule 82. *Id.* at 1261.

 I understand the practical effect of this view is to prohibit large limited partnerships from bringing their cases to a federal forum; considering the popularity of the limited partnership entity, it is somewhat surprising that Congress has not made some decision with respect to the "citizenship" status of such entities. Nevertheless, parties in disputes involving limited partnerships can have their day in court. State law provides in detail for the disposition of just such litigation; these determinations of state law are appropriately made by state courts. Only where Congress has decided that the litigants are entitled to add to the burden of the federal docket can federal courts interfere with the local process. Congress has not so decided, and I decline to do so here.

Therefore, it is ORDERED and ADJUDGED that plaintiff's Complaint be and the same hereby is dismissed for lack of diversity jurisdiction.

---

**2.** *See, Chapman v. Barney*, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 457, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Arbuthnot v. State Auto Insurance Association, supra* at 261.

**3.** *Morrison-Knudson Co., Inc. & A. v. Rocky Mountain, Ch., N. E. C. A.*, 236 F.Supp. 436 (D.Colo.1964). (Unincorporated association is not a jural entity for diversity purposes, although it is an entity for procedural purposes such as venue and service of process.)

**4.** See Judge Hunter's dissenting opinion in *Carlsberg Resources, supra*, at 1262, in which he notes that "all the states and the Virgin Islands have adopted the Uniform Limited Partnership Act." Thus these state statutes are truly uniform; however, it would be inappropriate for courts unilaterally to extend 28 U.S.C. § 1332(c) to one type of state-created organization, based on such coincidental uniformity.