## JAFFE v HARRIS

Docket No. 47303. Submitted February 9, 1981, at Detroit.—Decided
    October 6, 1981. Leave to appeal applied for.

Certain limited partners of the Book Building Company brought
    an action individually, on behalf of all the limited partners of
    the company, and on behalf of the Book Building Company
    against Emanuel J. Harris, a limited partner and sole general
    partner of the company, and Arthur Young & Company, audi-
    tor of the books and records of the company, alleging misappro-
    priation of partnership funds by Harris and malpractice, fraud,
    breach of fiduciary duty, and breach of contract against Arthur
    Young & Company for its failure to inform the limited partners
    of Harris' actions. The defendants moved for summary judg-
    ment on the ground that the plaintiffs failed to state a claim
    upon which relief could be granted. Wayne Circuit Court,
    Thomas J. Brennan, J., granted the defendants' motions rela-
    tive to the plaintiffs' efforts to enforce derivatively the partner-
    ship's cause of action. The plaintiffs appeal. *Held:*

1. The trial court erred in dismissing the plaintiffs' derivative
    action. Such actions are not barred by the Uniform Limited
    Partnership Act and are available under common-law princi-
    ples.

2. The derivative action is not barred by previous waivers of
    individual rights by the limited partners, the action being
    brought on behalf of the partnership.

Reversed and remanded.

V. J. BRENNAN, J., dissented. He would hold that the rights
    and privileges of the limited partners are enumerated in the
    Uniform Limited Partnership Act and that those rights and
    privileges may not be expanded by judicial legislation. He
    would hold that because the act confers no right of derivative
    action on the limited partners the trial court properly dis-
    missed that portion of the plaintiffs' complaint. He would
    affirm.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 60 Am Jur 2d, Partnership §§ 380, 381, 390.
[2] 73 Am Jur 2d, Statutes § 165.

Opinion of the Court

1. Partnership — Limited Partnership — Derivative Actions — Statutes.

A contributor to a partnership, unless he is a general partner, is not a proper party to proceedings by or against the partnership, except where the object is to enforce a limited partner's right against or liability to the partnership or where he brings a derivative action (MCL 449.226; MSA 20.76).

2. Statutes — Appeal — Judicial Construction.

The Court of Appeals, in interpreting a statute, will look first to the specific language of the statute to determine its meaning, and, absent legislative intent to the contrary, specific terms within the statute will be accorded their plain and ordinary meaning.

3. Partnership — Limited Partners — Derivative Actions — Common Law — Waiver.

A limited partner may initiate a derivative cause of action to enforce partnership claims under Michigan law notwithstanding previous waiver of the limited partner's individual rights.

Dissent by V. J. Brennan, J.

4. Partnership — Limited Partnership — Derivative Actions — Common Law — Statutes.

*The rights and privileges of limited partners are enumerated in the Uniform Limited Partnership Act, and courts cannot imply or confer additional powers; thus, the power to initiate a derivative cause of action, not having been granted to limited partners expressly by the act, cannot be conferred by a court based on the common law (MCL 449.201 et seq.; MSA 20.51 et seq.).*

*Miller, Canfield, Paddock & Stone* (by *Michael W. Hartmann* and *Carl von Ende),* for plaintiffs.

*Honigman, Miller, Schwartz & Cohn* (by *Robert A. Fineman),* for defendant Harris.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Lawrence G. Campbell* and *Timothy H. Howlett),* for defendant Arthur Young & Company.

Before: M. J. Kelly, P.J., and V. J. Brennan and T. M. Burns, JJ.

M. J. Kelly, P.J. In this action, plaintiffs appeal from a lower court order granting separate motions for summary judgment filed by defendants Emanuel J. Harris and Arthur Young & Company. GCR 1963, 117.2(1). The order of the lower court dismissed derivative claims brought by the plaintiffs on behalf of the Book Building Company, a partnership established in 1958 to "acquire, manage and operate the Book Building" located in Detroit.

Plaintiffs are limited partners in the Book Building Co. Defendant Harris, also a limited partner, is the sole general partner and manages the partnership. Defendant Arthur Young & Company audited the books and records of the partnership from 1967 through 1976 and provided periodic reports of the financial position of the company to the partners. As general partner, Harris contributed $400,000, or 25 percent of the partnership's initial capitalization of $1,600,000. As limited partners, Harris and his wife contributed an additional $505,000. The contributions of the Krafts totaled $64,000; Lillian Jaffe and Geraldine Schwartz made contributions of $24,000 and $64,000, respectively. The partnership agreement provided that 25 percent of the net profits of the enterprise were to be allocated to Harris as general partner, with the remaining 75 percent divided between the limited partners, including Harris, in proportion to their capital contributions. The agreement also provided that Harris was to be compensated for his managerial services at the rate of three percent of the gross receipts of the partnership derived from the operation of the Book Building.

Plaintiffs alleged that defendant Harris misap-

propriated partnership funds since 1958 and that
defendant Arthur Young committed malpractice
by failing to disclose Harris' alleged misconduct in
the financial statements that were prepared. A
subsequent complaint added counts alleging fraud,
breach of fiduciary duty, and breach of contract
against Arthur Young. All of the claims against
defendant Arthur Young relate to its failure to
inform the limited partners of the actions of defen-
dant Harris. The specific allegations against Har-
ris were: (1) that he withdrew partnership funds
for his own use without compensating the partner-
ship, (2) that he charged personal expenditures as
expenses of the partnership, (3) that he increased
his management fee from three percent without
authorization from the other partners, and (4) that
he charged administration expenses directly
against partnership profits instead of against the
set management fee. The complaint and amend-
ments were captioned to indicate that the plain-
tiffs were suing individually, on behalf of all other
limited partners, and derivatively, on behalf of the
partnership. The order of summary judgment
herein dismissed that aspect of the plaintiffs' com-
plaints seeking to enforce derivatively the partner-
ship's cause of action.

I

The first issue presented is a novel one in this
jurisdiction. There is no case law on point nor any
clear statutory directive. Defendants contend that
the absence of an express statutory provision al-
lowing derivative actions on behalf of partnerships
mandates the conclusion that the Legislature in-
tended to limit such actions to corporations. Plain-
tiffs allege that the right to sue derivatively is

grounded in the common law and remains viable until specifically removed by the Legislature.

The statute governing intrapartnership actions by or against limited partners is MCL 449.226; MSA 20.76, which provides:

"A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership."

While no Michigan cases have interpreted the scope of this provision, several cases in jurisdictions with similar statutory language have addressed the specific claim herein. We note that the plaintiffs do not claim this statute as a basis to permit their derivative claim, rather, that the provision does not bar a common-law claim.

The landmark case of *Klebanow v New York Produce Exchange,* 344 F2d 294 (CA 2, 1965), interpreted a statute, NY Partnership Law (McKinney), § 115, identical to our own. The *Klebanow* court concluded that § 115 was not a statutory bar to maintenance of the plaintiff's derivative action:

"The purposes of § 115, like that of its less minatory predecessor, were reasonably plain. General partners need not join limited partners in an action by the partnership; ordinarily limited partners may not sue since this will interfere with the management by the general partners, *Lieberman v Atlantic Mutual Ins Co,* 62 Wash 2d 922; 385 P2d 53 (1963); a suitor against the partnership need not join a limited partner; indeed, he may not do so if the partnership be solvent. See *Fuhrman v Von Pustau,* 126 App Div 629; 111 NYS 34 (1908). The words say all this and say it well. *But they do not have to be read as saying that a limited partner cannot bring an action on behalf of the partnership*

*when the general partners have disabled themselves or wrongfully refused; and, although they could be so read, we see no sufficient reason for doing so when in quite similar situations the* cestui que trust *or the preferred stockholder is allowed to do exactly that.* The predecessor New York statute would hardly be read as going so far; we see no basis for thinking that, in its effort to achieve uniformity with other states, the legislature thought it would be altering New York law in this respect. Although the state decisions bearing directly on the point are from tribunals not high in the judicial hierarchy and may be susceptible of distinction, they at least reveal that the New York courts do not consider § 115 a clear mandate against limited partners' capacity to bring an action like this. *Cooper Prods Co v Twin-Bowl Co,* NYLJ, August 21, 1962, p 8, col 7 (Sup Ct); *Executive Hotel Associates v Elm Hotel Corp,* 41 Misc 2d 354; 245 NYS2d 929 (Civ Ct), *aff'd* per curiam, 43 Misc 2d 153; 250 NYS 351 (App T 1964) * * *." *Id.,* 298. (Emphasis added.)

See also *Riviera Congress Associates v Yassky,* 18 NY2d 540; 277 NYS2d 386; 223 NE2d 876 (1966), and *Strain v Seven Hills Associates,* 75 App Div 2d 360; 429 NYS2d 424 (1980), for subsequent New York cases reaching a similar interpretation of the disputed statutory language. Finally, see *Smith v Bader,* 458 F Supp 1184 (SD NY, 1978), interpreting the identical language in Cal Corporation Code, § 15526 (West).

When addressed with a question of statutory intent, we will look first to the specific language of the statute to determine its meaning. The *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104; 252 NW2d 818 (1977), *Pontiac Board of Education v City of Pontiac,* 100 Mich App 52; 299 NW2d 37 (1980). Absent legislative intent to the contrary, specific terms within the disputed statute will be accorded their plain and ordinary meaning. *Bingham v American Screw Products Co,*

398 Mich 546, 563; 248 NW2d 537 (1976). Applying these rules of construction, we hold that MCL 449.226; MSA 20.76 does not bar a derivative action by a limited partner.

Having found the disputed statute not to anticipate or bar a limited partner's derivative claim, we must necessarily determine whether, under common-law principles, a derivative action is in fact available. The *Klebanow* court held in favor of a limited partner's right to sue derivatively by analogy to the similar remedy accorded a *cestui que trust, Bonham v Coe,* 249 App Div 428; 292 NYS 423 (1937), *aff'd* 276 NY 540; 12 NE2d 566 (1937), and preferred stockholders of a corporation. *Ashwander v Tennessee Valley Authority,* 297 US 288; 56 S Ct 466; 80 L Ed 688 (1936).

In Michigan, the right of a *cestui que trust* to bring suit against the trustee on behalf of the trust has long been recognized. See *Roberts v Michigan Trust Co,* 273 Mich 91, 105-106; 262 NW 744 (1935), citing *Hunt v Hunt,* 124 Mich 502; 83 NW 371 (1900). See also 2 Restatement of Trusts, 2d, § 282, p 44 (1959).[1] Similarly the right of a shareholder to prosecute claims of a corporation has been recognized by statute, MCL 450.1491; MSA 21.200(491), and case law. *Curtiss v Wilmarth,* 254 Mich 242, 252-255; 236 NW 773 (1931).

---

[1] The Restatement notes the following situations in which a beneficiary may bring suit to enforce a claim not pursued by the trustee:

"(1) Where the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the property free of trust, the beneficiary cannot maintain a suit in equity against the third person, except as stated in Subsections (2) and (3).

"(2) If the trustee improperly refuses or neglects to bring an action against the third person, the beneficiary can maintain a suit in equity against the trustee and the third person.

"(3) If the trustee cannot be subjected to the jurisdiction of the court or if there is no trustee, the beneficiary can maintain a suit in equity against the third person, if such suit is necessary to protect the interest of the beneficiary."

The *Klebanow* court also summarized several aspects of shareholder status comparable to a limited partner:

"[I]n the main, a limited partner is more like a shareholder often expecting a share of the profits, subordinated to general creditors, having some control over direction of the enterprise by his veto on the admission of new partners, and able to examine books and 'have on demand true and full information of all things affecting the partnership * * *'. See NY Partnership Law §§ 98, 99, 112. That the limited partner is immune to personal liability for partnership debts save for his original investment, is not thought to be an 'owner' of partnership property, and does not manage the business may distinguish him from general partners but strengthens his resemblance to the stockholder; and even as to his preference in dissolution, he resembles the preferred stockholder." *Id.*, 297.

For comparable Michigan statutory provisions, see MCL 449.207; MSA 20.57 (limited partner not personally liable for partnership debts), MCL 449.223; MSA 20.73 (limited partner subordinated to right of general partnership creditors upon dissolution), and MCL 449.210(1)(a); MSA 20.60(1)(a) (right of limited partner to demand partnership information and inspect partnership books).[2]

The substantial similarity between the interests of limited partners, corporate shareholders, and

[2] Shortly after the decision in *Klebanow*, the New York Court of Appeals, in *Lichtyger v Franchard Corp*, 18 NY2d 528, 536; 277 NYS2d 377; 223 NE2d 869 (1966), compared the relationship of general and limited partners to corporate directors and shareholders and held:

"There is no basis or warrant for distinguishing the fiduciary relationship of corporate director and shareholder from that of general partner and limited partner. The principle is the same—those in control of a business must deal fairly with the interests of the other investors and this is so regardless of whether the business is in corporate or partnership form."

*cestuis que trust* compels the conclusion that a derivative cause of action is available by which limited partners can enforce partnership causes of action. To hold otherwise would, we believe, render unenforceable the rights of limited partners accorded by the statutes listed above. Further, the limited partner would be left with the sole remedy of seeking dissolution of the partnership, MCL 449.210(1)(c); MSA 20.60(1)(c), if the general partner violated his statutory duties to act for the organization. MCL 449.209; MSA 20.59. We find, therefore, that a limited partner may initiate a derivative cause of action, not subject to dismissal under GCR 1963, 117.2(1).

## II

Defendants allege that, even if a derivative cause of action is available to aggrieved limited partners generally, the waiver of rights forms signed by those limited partners who represent 76 percent of the total capital of the partnership precludes such an action in this case. We disagree. In the related area of derivative actions by stockholders to enforce claims of a corporation, the initiating shareholder may press the corporate claim individually or on behalf of other investors.

The sole statutory prerequisites to maintenance of a stockholder's derivative action are embodied in MCL 450.1491; MSA 21.200(491):

"(1) An action may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor, by a record holder or beneficial owner of shares or of voting trust certificates of the corporation.

"(2) In such an action, the complaint shall allege:

"(a) That the plaintiff is such a holder at the time of bringing the action and that he was such a holder at

the time of the transaction of which he complains, or
that his shares or his interest therein devolved upon
him by operation of law from a person who was a
shareholder at such time.

"(b) With particularity. the effort of the plaintiff to
secure the initiation of the action by the board or the
reasons for not making the effort."

A plain reading of this statute discloses no require-
ment that a corporate shareholder, to maintain a
derivative action, must represent the interests of
fellow shareholders. Further, a stockholder's deriv-
ative action by its very nature does not seek to
enforce the rights of individual shareholders.
Rather, the action seeks enforcement of a corpo-
rate claim from which the shareholders derive
only an incidental benefit. *Dean v Kellogg,* 294
Mich 200, 207; 292 NW 704 (1940), citing *Talbot v
Scripps,* 31 Mich 268 (1875), *Horning v Louis
Peters & Co,* 202 Mich 140; 167 NW 874 (1918),
*Curtiss, supra,* and *Davenport v Dows,* 85 US (18
Wall) 626; 21 L Ed 938 (1874). See also 7 Michigan
Law & Practice, Corporations, § 231, p 191, and
*Strain, supra,* 431.

Because of the significant similarities between
stockholders and limited partners, we reject the
defendants' contention that a limited partner must
represent the interests of other limited partners
before initiating a derivative action. We reverse
the lower court's orders granting defendants' sepa-
rate motions for summary judgment and remand
the case for proceedings consistent with this opin-
ion.

Reversed and remanded.

T. M. BURNS, J., concurred.

V. J. BRENNAN, J. *(dissenting).* I respectfully

dissent. I am unpersuaded that, under Michigan law as presently existing, plaintiffs have a common-law right to assert a derivative action. Therefore, I would affirm the lower court's order dismissing their derivative claims made on behalf of the partnership and leave the plaintiffs to pursue their individual claims.

A limited partnership is a creature of statute, and, as such, the rights and privileges of limited partners, as well as the limitation thereof, must be found in the Michigan Uniform Limited Partnership Act. MCL 449.201 *et seq.;* MSA 20.51 *et seq.*

It is unquestioned that the act does not have provisions which authorize a limited partner to bring a derivative action. Rather the rights of a limited partner are those expressly enumerated in § 10[1] and the limitations on bringing suit are those set forth in § 26.[2] MCL 449.210; MSA 20.60, MCL 449.226; MSA 20.76.

Michigan has long and consistently adhered to the rule that where a statute creates an entity, grants to it express enumerated powers, and prescribes the mode of their excercise the courts cannot imply or confer additional powers. *Sebewaing Industries, Inc v Village of Sebewaing,* 337

---

[1] "Rights of a limited partner. Sec. 10. (1) A limited partner shall have the same rights as a general partner to

"(a) Have the partnership books kept at the principal place of business of the partnership, and at all times to inspect and copy any of them,

"(b) Have on demand true and full information of all things affecting the partnership, and a formal account of partnership affairs whenever circumstances render it just and reasonable, and

"(c) Have dissolution and winding up by decree of court.

"(2) A limited partner shall have the right to receive a share of the profits or other compensation by way of income, and to the return of his contribution as provided in sections fifteen [15] and sixteen [16]."

[2] "Parties to actions. Sec. 26. A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership."

Mich 530, 544-546; 60 NW2d 444 (1953). Powers specifically conferred by statute cannot be extended by inference; the only proper inference being that it was intended by the Legislature that no other or greater powers were given than those which the statute specified. *Eikhoff v Charter Comm of the City of Detroit,* 176 Mich 535, 540; 142 NW 746 (1913). The power to bring a derivative suit contended for by plaintiffs not having been expressly granted, whereas other powers are affirmatively enumerated, cannot be conferred by judicial legislation.

In light of the foregoing rationale, I am unconvinced by the lead opinion's attempt to go beyond the statutory parameters of the Uniform Limited Partnership Act to find a common-law right to bring a derivative action by analogizing to rights accorded corporate shareholders and *cestuis que trust.* Limited partnerships are not amorphous but are definite legal entities created by statute. Such analogies simply are not applicable to provide powers not expressly granted by the Legislature regardless of our own notions of policy or equity. It is indeed significant to note that the Michigan Legislature has conferred statutorily the right to bring derivative actions to shareholders of Michigan corporations. MCL 450.1491; MSA 21.200(491). Such a specific conferment to corporate shareholders not only indicates that the Legislature was fully aware of derivative rights but further underscores the intent of the Legislature not to provide such rights to limited partners. Moreover, the Michigan Legislature in enacting the corporate shareholder derivative provision has demonstrated its intent that such a right must be granted by statute to a statutory creature such as a corporation or a limited partnership.

My conclusion that permitting derivative actions by limited partners is an act of judicial legislation is buttressed by the fact that the recently published Michigan Law Revision Commission, Fifteenth Annual Report (1980) recommends a Revised Uniform Limited Partnership Act for Michigan which specifically would include, for the first time, the right of a limited partner to bring a derivative action on behalf of the limited partnership.

The reason for the recommended provision, Article 10, is explained in the Reporter's Commentary at page 75 of the 1980 Report. The Commentary states:

"There is nothing in the Existing Act that authorizes a derivative action by limited partners."

Accordingly, the Michigan Law Revision Commission is recommending that the Michigan Uniform Limited Partnership Act be amended to authorize derivative actions by limited partners.

The above recommendation affirms my position that a limited partner currently, as the law presently exists, cannot bring a derivative action on behalf of a limited partnership in Michigan. A limited partnership is a creature of statute, and the Michigan statute does not now authorize derivative action. If it did, the Michigan Law Revision Commission would not need to recommend a specific, new provision for derivative action.

At this juncture, for this Court to recognize a right to bring a derivative action, where the Legislature has not done so in the past and is presently considering the wisdom of so doing in the future, is inappropriate. The particular facts of the instant case neither present a danger of substantial

injustice nor advance any compelling policy considerations which favor the assertion of the claim.
The record is undisputed that the majority of the
limited partners have expressly waived or released
any right to pursue such an action. Until the
Legislature acts to recognize a derivative suit, I
decline to so do.