FUTERNICK v. STATLER BUILDERS, INC.

1. CORPORATIONS—CHANCERY—CREDITOR—STOCKHOLDERS.
     Chapter of judicature act authorizing chancery proceedings against corporations does not grant a stockholder or creditor of one corporation the right to bring an action on its behalf against another corporation, although such action may be brought at common law (CL 1948, § 641.1 *et seq.*).

2. SAME—STOCKHOLDERS' DERIVATIVE SUIT—JURISDICTION OF EQUITY.
     At the instance of a single stockholder a court of equity has the power, in case of fraud, abuse of trust, or misappropriation of corporation funds, to grant relief and compel a restitution.

3. SAME—STOCKHOLDERS' DERIVATIVE SUIT.
     In the usual stockholders' derivative suit, the stockholders as plaintiffs are permitted to instigate the action in a court of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 8, 9] 13 Am Jur, Corporations § 461 *et seq.*
[3–5] 13 Am Jur, Corporations § 466.
[6] 19 Am Jur, Equity § 413.
[7, 8] 13 Am Jur, Corporations § 464.
[10] 17 Am Jur, Dismissal, Discontinuance, and Nonsuit §§ 109–113, 119–124.

equity to enforce a claim of the corporation and any recovery runs in favor of the corporation as the stockholders do not sue in their own right but derive only an incidental benefit.

4. SAME—STOCKHOLDERS' DERIVATIVE SUIT—ACCOUNTING—PARTIES.
   In a stockholders' derivative suit, if defendants must account, the accounting is to the corporation and not to the stockholders; hence, as to the defendants charged with defrauding it, the corporation is an indispensable party.

5. SAME—JUDGMENT—PARTIES.
   In a stockholders' derivative suit the decree must protect the defendants against any further suit by the corporation, hence it must properly be made a party to the action.

6. EQUITY—JUDGMENT FOR ONE DEFENDANT AGAINST OTHER DEFENDANTS.
   The flexibility of equity procedure permits an affirmative judgment to be entered in favor of one defendant against other defendants.

7. CORPORATIONS—STOCKHOLDERS' DERIVATIVE SUIT—MINIMUM REQUIREMENTS.
   The minimum requirements for a stockholders' derivative suit are proof of fraud or abuse of trust in the board of directors of the corporation in failing or refusing to enforce a corporation right or claim plus demand on said board by the stockholder for such action or proof that the demand would be useless.

8. SAME—STOCKHOLDERS' DERIVATIVE SUIT—DEMAND.
   Action by stockholder of alleged creditor corporation, controlled by individual defendants, against it and alleged debtor corporation, entirely owned by the individual defendants, to enforce claim of creditor against debtor, runs directly against interests of such individual defendants, hence, the formalities of a demand would appear to be useless.

9. SAME—STOCKHOLDERS' DERIVATIVE SUIT—CONSTRUCTIVE TRUST—FRAUD—EVIDENCE.
   Finding of trial judge that individual defendants who constituted the majority of board of directors of defendant creditor corporation had either committed breach of their fiduciary duties or abused their trust in permitting defendant debtor corporation, which was wholly owned by the individual defendants, to receive and retain unmerited benefits, necessitating the declaration of a constructive trust in favor of the creditor corporation *held,* supported by record on appeal in derivative suit by minority stockholder of creditor corporation.

10. Parties — Dismissal — Reinstatement — Prejudice — Reopening Proofs.

  After the erroneous oral dismissal, at close of plaintiff's proofs, of defendant debtor corporation, wholly owned by individual defendants who controlled defendant creditor corporation of which plaintiff was a minority stockholder, the subsequent granting of a motion to reconsider and reinstatement of debtor corporation as a party, accompanied by an offer to reopen proofs for additional testimony on its behalf *held*, not to have prejudiced such defendant's position, hence, the reinstatement was not an abuse of the circuit judge's discretion (CL 1948, § 612.13).

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted June 9, 1961. (Docket No. 37, Calendar No. 48,509.) Decided December 28, 1961.

Bill by Sheldon Futernick, a corporate director and creditor of Concord Builders, Inc., against Statler Builders, Inc., Concord Builders, Inc., both Michigan corporations, Leon Faggen, and Alvin B. Tutnick for accounting between the corporations, to reach funds due to defendant Concord Builders, Inc., on service contract, and for injunctive relief. Decree for plaintiff directing defendant Statler Builders, Inc., to pay defendant Concord Builders, Inc., certain sums and directing clerk of court to pay defendant Concord Builders, Inc., funds on deposit with court. Defendants appeal. Affirmed.

*Irving F. Keene,* for plaintiff.

*J. Leonard Hyman (Carl Levin,* of counsel), for defendants.

Edwards, J. While there are other theories referred to in the pleadings and briefs, basically this is a stockholders' derivative suit on behalf of 1 corporation against another. The stockholders' claim is that the latter corporation is fraudulently

withholding funds properly due and owing to the former corporation.

This suit was brought by plaintiff Futernick on behalf of Concord Builders, Inc. The record discloses that Futernick was owner of 1/3 of the stock of Concord Builders, Inc., and that the individual defendants herein, Faggen and Tutnick, were owners of the other 2/3. Plaintiff claims the other corporate defendant, Statler Builders, Inc., is indebted to Concord Builders, Inc. Further, plaintiff's bill of complaint alleges that the individual defendants, Tutnick and Faggen, are the sole stockholders in Statler Builders, Inc., and are making off with its assets. Plaintiff's bill of complaint also alleges that defendants Tutnick and Faggen as majority stockholders and directors of Concord Builders are fraudulently failing to enforce its claim against Statler because of their personal interest in Statler.

The defendants in turn denied that Statler owed Concord any money, and denied that the individual defendants owed any money to plaintiff, or to Statler, or to Concord.

Plaintiff's bill of complaint also seeks to state a cause of action against the individual defendants and defendant Statler under the terms of PA 1915, No 314, ch 41, entitled, "Proceedings against corporations in chancery"—more particularly under section 5 thereof.* In this regard, his claims are advanced both as a stockholder and a creditor of Concord.

At the hearing before Circuit Judge Joseph A. Sullivan, a complex story of building corporation interrelationships was developed. This starts with the creation of a land investment group known as Woodward Syndicate, which was formed to invest in and develop land for the building of homes in the

---

* CL 1948, § 641.1 *et seq.*, particularly § 641.5 (Stat Ann 1943 Rev § 27.2391 *et seq.*, particularly § 27.2395).—REPORTER.

general vicinity of Detroit. This syndicate signed an agreement with Statler Builders, Inc., which defendants Faggen and Tutnick owned, on February 1, 1955, under which Statler Builders was to undertake the general administrative work of developing, arranging financing, and selling homes which the syndicate might subsequently build on land which the syndicate acquired. Statler's compensation was to be on a per lot or per house basis, with $150 per lot due in the event land was subdivided and a plat recorded, $300 per lot due in the event the land was improved, and $500 per house in the event houses were built on land prior to sale.

Testimony indicates that for a time plaintiff Futernick worked on a salary for Statler Builders, Inc., and then an agreement was signed between Faggen, Tutnick, and Futernick, dated April 2, 1956, which recites that the 3 named are equal shareholders as of that date in Concord Builders, Inc. This contract contains several "whereas" clauses upon which subsequently defendants Faggen and Tutnick rely strongly, and 2 numbered clauses of undertaking betwixt the parties upon which plaintiff founds his claimed right of action:

"Whereas, in addition to the said percentage being paid Leon Faggen and Alvin B. Tutnick, The Woodward Syndicate is to pay Statler Builders, Inc. (a corporation which Leon Faggen and Alvin B. Tutnick are the sole stockholders), such sums for overhead as are more specifically set forth in said Woodward Syndicate agreement dated February 1, 1955.

"Whereas, Sheldon M. Futernick has performed and is performing work and services on behalf of The Woodward Syndicate.

"Whereas, Statler Builders, Inc., anticipates a profit from the aforesaid overhead fees.

"Whereas, Sheldon M. Futernick is not to share in any profits that Statler Builders, Inc., derives from

the overhead fees, but is to receive a salary of $150 per week from Statler Builders, Inc., for such duration as is set forth in a letter dated February 21, 1956, said letter is addressed to Norman Schmideberg and signed by Leon Faggen.   * * *

"Now therefore, it is mutually agreed between the parties hereto:

"1. That Sheldon M. Futernick, in consideration for services performed and being performed on behalf of The Woodward Syndicate as to the hereinbefore described Woodward Syndicate property which was described here under parcel #1 and parcel #2, is to receive a salary of $150 per week from Statler Builders, Inc., as is outlined in the letter dated February 21, 1956, said letter is addressed to Norman Schmideberg and signed by Leon Faggen; and is to receive 7% of the net profits of The Woodward Syndicate.

"2. That Statler Builders, Inc., is to pay to Concord Builders, Inc., a fair share of the overhead, that is, attributed to it in carrying out The Woodward Syndicate business through the facilities of Concord Builders, Inc."

It appears that after this agreement was signed, Concord took over a substantial, although disputed, amount of the management operations which had previously been performed for Woodward by Statler.

Subsequently, on March 22, 1957, a meeting was held at the Concord Builders, Inc., office between plaintiff Futernick, defendant Faggen and 2 accountants, Schmideberg and Noveck, in which the issue of adjustment for Statler's "share of office overhead" was discussed. The memorandum of this meeting indicated that "salary and applicable payroll taxes paid to or on behalf of Sheldon Futernick are to be borne in total by Statler Builders, Inc.," and allocated $1,700 of overhead to Statler Builders for the period from April 1, 1956, to February 28, 1957.

At trial and on appeal, defendants insisted with vigor that this represented a final settlement of the basic dispute between these parties. Futernick, on the other hand, contends that no such thing was true.

Testimony at the trial developed that, in the windup of the affairs of the Woodward Syndicate, a compromise agreement as to the amount to be paid to Statler was arrived at in the sum of $51,750. This actually appears to represent about 50% of what Statler would have received if its fixed price per unit contract with Woodward had been given full effect.

However, basing their refusal on the memorandum just referred to, Statler through Tutnick and Faggen declined to pay more than the $1,700 to Concord. This led to the instant suit.

Prior to the filing of this action, funds due Statler in the hands of an escrow agent, American Savings & Loan Association, were deposited by agreement of the parties with the clerk of the court in the sum of $15,324.

At the close of plaintiff's proofs, the circuit judge granted a motion to dismiss as to Statler Builders, Inc. The hearing continued with the individual defendants present in their individual capacity. And at the close of all of the testimony, the judge reinstated Statler Builders, Inc., as a party defendant, found that Concord Builders was entitled on the basis of services performed to 15/29 of the $51,750 which Woodward had paid to Statler, or a sum of $26,767. Against this sum, he allowed as credits, which Statler had already paid, the sum of $6,600 for salary reimbursement, $129.99 for taxes paid on salaries, $3,000 paid by Statler Builders for attorney and accounting fees of the Woodward Syndicate, and the $1,700 paid "in partial satisfaction of the claim upon which this action is based." He, therefore, decreed "that Statler Builders, Inc., shall pay to

Concord Builders, Inc., the sum of $15,338," and that that sum should be paid out of the funds deposited by Statler Builders with the clerk of the court.

This appeal followed.

On appeal, defendants-appellants contend (1) that defendant Statler, once having been dismissed at the end of plaintiff's proofs, could not be reinstated and have a judgment entered against it; (2) appellants claim that, under CL 1948, § 641.1 *et seq.* (Stat Ann 1943 Rev § 27.2391 *et seq.*), no judgment against a third-party corporation may be entered where plaintiff held no stock in said corporation; (3) appellants contend the judge was wrong in allowing amendment to the pleadings to plead constructive trust, and the finding of a constructive trust which he defined as "receipt and retention of unmerited benefits."

At the outset we observe that the provisions of the judicature act relied upon by plaintiff do not serve to authorize the relief granted herein by the circuit judge. The sections of chapter 41 (CL 1948, § 641.1 *et seq.* [Stat Ann 1943 Rev § 27.2391 *et seq.*]) authorize a chancery action by a creditor or stockholder against the directors of a corporation on a variety of grounds. But nothing therein serves to grant a stockholder or creditor of one corporation the right to bring an action on its behalf against another corporation. See *Nay* v. *Mid-West Petroleum Corp.,* 268 Mich 578.

This type of action is a common-law action widely recognized in the law since *Foss* v. *Harbottle* (1843), 2 Hare's Ch 461 (67 Eng Rep 189),

See, also, Ballantine on Corporations (Rev ed), § 145; 13 Am Jur, Corporations, § 461.

In *Dean* v. *Kellogg,* 294 Mich 200, Mr. Justice BUTZEL spelled out the legal history and characteristics of this type of action (pp 207, 208):

" 'There is no doubt of the power of a court of equity, in case of fraud, abuse of trust, or misappropriation of corporation funds, at the instance of a single stockholder, to grant relief, and compel a restitution.' *Miner* v. *Belle Isle Ice Co.,* 93 Mich 97, 112 (17 LRA 412). In the usual stockholders' derivative suit, the stockholders as plaintiffs are permitted to instigate the action in a court of equity to enforce a claim of the corporation. *Foss* v. *Harbottle,* 2 Hare's Ch 461 (67 Eng Rep 189); *Hawes* v. *Oakland,* 104 US 450 (26 L ed 827). Any recovery runs in favor of the corporation, for the shareholders do not sue in their own right. *Talbot* v. *Scripps,* 31 Mich 268; *Horning* v. *Louis Peters & Co.,* 202 Mich 140; *Curtiss* v. *Wilmarth,* 254 Mich 242. They derive only an incidental benefit. *Davenport* v. *Dows,* 85 US (18 Wall) 626 (21 L ed 938). If the defendants account, it must be to the corporation and not to the shareholders. As to the defendants charged with defrauding it, the corporation is an indispensable party. *Cicotte* v. *Anciaux,* 53 Mich 227; *Coxe* v. *Hart,* 53 Mich 557; *McMillan* v. *Miller,* 177 Mich 511. Furthermore, the decree must protect the defendants against any further suit by the corporation, and this will not be true unless it properly be made a party to the action. *Davenport* v. *Dows, supra; Baltimore & Ohio R. Co.* v. *City of Parkersburg,* 268 US 35 (45 S Ct 382, 69 L ed 834); *Watts* v. *Vanderbilt* (CCA2), 45 F2d 968; *Philipbar* v. *Derby* (CCA2), 85 F2d 27. The usual American practice is to name the beneficiary corporation as a party defendant, although in substance it is a party plaintiff; the flexibility of equity procedure permits an affirmative judgment to be entered in favor of one defendant against other defendants."

While such clear statements of the right of action are frequent, the cases illustrate a notable inclination to make the stockholder's path toward recovery a thorny one. *Foss* v. *Harbottle, supra; Dean* v. *Kellogg, supra; Lucking* v. *Welbilt Corporation,* 353

Mich 375; *Detroit Trust Co.* v. *Goodrich*, 175 Mich 168 (Ann Cas 1915A, 821); *Curtiss* v. *Wilmarth*, 254 Mich 242.

Of course, there are instances where a stockholder successfully sought relief on behalf of his company against a third party. *Dodge* v. *Woolsey*, 18 Howard (59 US) 331 (15 L ed 401); *Southern Pacific Company* v. *Bogert*, 250 US 483 (39 S Ct 533, 63 L ed 1099).

The minimum requirements for such a suit are proof of fraud or abuse of trust in the board of directors of the corporation in failing or refusing to enforce a corporation right or claim, plus demand on said board by the stockholder for such action or proof that the demand would be useless.

Here, the proofs show that the defendants Faggen and Tutnick were sole owners of Statler Builders, Inc., and at the same time majority stockholders and directors of Concord Builders, Inc. The action brought herein on behalf of Concord runs directly against their interests. In such a situation, the formalities of demand would appear to be useless. *Eston* v. *Argus, Inc.*, 328 Mich 554; Ballantine on Corporations (Rev ed), § 146.

As to proof of fraud or abuse of trust on the part of the majority of the board of directors of Concord, the circuit judge found a "receipt and retention of unmerited benefits" on the part of Statler, and declared a constructive trust in favor of Concord in the sum of $15,338.

We read his opinion as a finding of fact that Statler was indebted to Concord, and that defendants Faggen and Tutnick committed a breach of their fiduciary duties and an abuse of their trust as directors of Concord in failing and refusing to prosecute Concord's claim. The record presented on appeal appears to us to support these findings.

It seems clear to us that the oral grant by the circuit judge of defendants' motion to dismiss Statler Builders, Inc., as a defendant at the close of plaintiff's proofs was error. Our question on appeal is whether or not he abused his discretion in reinstating Statler as a defendant at the close of proofs and entering a decree ordering the relief described above.

The circuit judge never signed the order of dismissal. Apparently in some doubt about the wisdom of the dismissal he refused to sign the order, and at the close of proofs he granted a motion to reconsider and reinstated Statler. When he did so, he offered defendants an opportunity to reopen proofs for additional testimony on behalf of Statler.

We are unable to see that defendant Statler's position was prejudiced. Defendants Faggen and Tutnick, who were parties throughout, had interests very nearly identical with those of Statler. No advantage was taken of the offer to reopen proofs. No prejudice as to Statler's position is demonstrated to us on appeal. We hold that the dismissal albeit error worked no prejudice to defendant Statler under these circumstances, and that the reinstatement was not an abuse of the circuit judge's discretion. CL 1948, § 612.13 (Stat Ann § 27.665). We find no other prejudicial error.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, and KAVANAGH, JJ., concurred.

SOURIS, J., did not sit.

OTIS M. SMITH, J., took no part in the decision of this case.