AVERILL v DAUTERMAN

Docket No. 283129. Submitted May 12, 2009, at Detroit. Decided May 19,
      2009, at 9:10 a.m.
      Carleton E. Averill II, a member of Gleaner Life Insurance Society (a
      fraternal benefit society), brought a derivative action on behalf of
      the society in the Lenawee Circuit Court against Dudley Dauter-
      man and other members of the society's board of directors. The
      plaintiff sought a declaratory judgment that the defendants
      breached fiduciary duties owed to the society's members, an award
      of compensatory damages to the society, and an injunction direct-
      ing the defendants to hire independent counsel and investigate
      and remedy their alleged wrongdoing. The court, John G. McBain,
      J., granted summary disposition for the defendants, ruling that the
      plaintiff had failed to state a claim on which relief can be granted
      in view of provisions of the Insurance Code that grant the Attorney
      General sole authority to sue fraternal benefit societies. The
      plaintiff appealed.

      The Court of Appeals held:

      Under MCL 500.8191 of the Insurance Code, a fraternal benefit
      society that has exceeded its powers or is conducting its business
      fraudulently in a manner hazardous to its members may be sued
      by the Attorney General upon the request of the Insurance
      Commissioner. MCL 500.8193 also provides that a petition for an
      injunction against a fraternal benefit society shall not be recog-
      nized unless commenced by the Attorney General upon request of
      the Insurance Commissioner. Accordingly, the statutory scheme
      that controls fraternal benefit societies does not permit the plain-
      tiff's action.

      Affirmed.

INSURANCE — FRATERNAL BENEFIT SOCIETIES — ACTIONS — MEMBERS OF FRATER-
      NAL BENEFIT SOCIETIES.

      A member of a fraternal benefit society cannot bring an action on
      behalf of the society against the society's board of directors for
      allegedly exceeding its powers or for alleged fraudulent conduct
      hazardous to members of the society; only the Attorney General, at

the request of the Insurance Commissioner, may bring such an action (MCL 500.8191[1], [2], [5]; MCL 500.8193).

*Shumaker, Loop & Kendrick, LLP* (by *Peter D. Silverman*), for the plaintiff.

*Fraser Trebilcock Davis & Dunlap, P.C.* (by *Mark A. Bush* and *Graham K. Crabtree*), for the defendants.

Before: BANDSTRA, P.J., and OWENS and DONOFRIO, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order dismissing this derivative action filed on behalf of Gleaner Life Insurance Society (Gleaner), a fraternal benefit society. We affirm.

### I. FACTS

Gleaner is a fraternal benefit society that provides insurance to its certificate holders, or "members." Michigan defines "fraternal benefit society" as

[a]n incorporated society, order, or supreme lodge, without capital stock . . . conducted solely for the benefit of its members and their beneficiaries and not for profit, operated on a lodge system with ritualistic form of work, having a representative form of government, and that provides benefits in accordance with this chapter . . . . [MCL 500.8164.]

The parties do not dispute that Gleaner is such a society. Plaintiff, a member of Gleaner, filed this action, framing it as a derivative action on behalf of Gleaner against defendants, who comprise Gleaner's board of directors.[1] Plaintiff's complaint alleges that defendants

---

[1] In a derivative proceeding, the plaintiff seeks to enforce a claim of the corporation. *Futernick v Statler Builders, Inc*, 365 Mich 378, 386; 112 NW2d 458 (1961). The members do not sue in their own right and derive only incidental benefit. *Id.* Any recovery belongs to the corporation. *Id.*

failed to act in the best interests of Gleaner's members, including himself, and breached their fiduciary duties to Gleaner's members. Specifically, plaintiff identified eight acts of wrongdoing by defendants and alleged that Gleaner and all its members were harmed by the "downward financial spiral" that resulted from those acts. Plaintiff sought a judgment (1) declaring that defendants had breached their fiduciary duties of good faith, fair dealing, and loyalty, (2) awarding Gleaner compensatory damages, and (3) enjoining defendants by directing them to hire independent counsel and investigate and remedy wrongdoing. Plaintiff also sought costs and expenses, including attorney fees. Defendants moved for summary disposition, alleging that they were entitled to summary disposition under MCR 2.116(C)(6) because plaintiff had filed a previous action that was pending in federal court in Ohio, and that they were entitled to summary disposition under MCR 2.116(C)(8) because plaintiff is not permitted to bring a derivative action on behalf of a fraternal benefit society. The trial court granted defendants' motion pursuant to MCR 2.116(C)(8).

## II. SUMMARY DISPOSITION

The trial court did not err in determining that defendants were entitled to summary disposition under MCR 2.116(C)(8) because, under the Insurance Code, a member of a fraternal benefit society is not permitted to bring a derivative action on behalf of the society.

In considering this issue, we reject plaintiff's argument that defendants' motion should be analyzed under MCR 2.116(C)(10) rather than MCR 2.116(C)(8). Defendants moved for summary disposition under MCR 2.116(C)(8) and expressly indicated that they were not bringing their motion under MCR 2.116(C)(10). More-

over, the trial court's order cites MCR 2.116(C)(8) as the basis for its decision, and the question presented is purely a legal one. Thus, we review defendants' motion under MCR 2.116(C)(8). As this Court explained in *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998):

> A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. This Court reviews de novo a trial court's decision regarding a motion under MCR 2.116(C)(8) to determine whether the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery. All factual allegations supporting the claim, and any reasonable inference or conclusions that can be drawn from the facts, are accepted as true. [Citations omitted.]

Defendants argue that fraternal benefit societies are governed by chapter 81A of the Insurance Code, MCL 500.8161 *et seq*. MCL 500.8191 provides in relevant part:

> (1) If the commissioner upon investigation finds that a domestic society has exceeded its powers, has failed to comply with any provision of this chapter, is not fulfilling its contracts in good faith, has a membership of less than 400 after an existence of 1 year or more, or is conducting business fraudulently or in a manner hazardous to its members, creditors, the public, or the business, the commissioner shall notify the society of his or her findings and state in writing the reasons for his or her dissatisfaction. . . .
>
> (2) If the society pursuant to subsection (1) does not present good and sufficient reasons why it should not be enjoined or why an action in quo warranto should not be commenced, the commissioner may request the attorney general to commence an action to enjoin the society from transacting business or to commence an action in quo warranto.

Further, MCL 500.8191(5) provides:

> An action under this section shall not be recognized in any court of this state unless brought by the attorney general upon request of the commissioner. If a receiver is to be appointed for a domestic society, the court shall appoint the commissioner as the receiver.

Similarly, MCL 500.8193 provides, "An application or petition for injunction against any domestic, foreign, or alien society, or lodge of such a society, shall not be recognized in any court of this state unless commenced by the attorney general upon request of the commissioner." These clauses authorize the insurance commissioner to investigate whether a domestic society has "exceeded its powers . . . or is conducting its business fraudulently or in a manner hazardous to its members" and to request that the attorney general bring an action to enjoin the society from transacting business or to commence an action in quo warranto.

When interpreting statutes, our primary goal is to ascertain and give effect to the intent of the Legislature. *New Properties, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120, 136; 762 NW2d 178 (2009). First, we look at the specific language of the statute, considering the fair and natural import of the terms employed, in view of the subject matter of the law. *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 274; 744 NW2d 10 (2007). Clear statutory language must be enforced as written. *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 174; 730 NW2d 722 (2007). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005).

Relying on *Jaffe v Harris*, 109 Mich App 786; 312 NW2d 381 (1981), plaintiff argues he has a common-law

right to file such an action and that his is not "an action under this section." In *Jaffe*, the statute at issue read, "A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership." *Id.* at 790, citing former MCL 449.226. This Court held that the plain language of this statute does not bar a derivative action brought by a limited partner. *Id.* at 792-794. The Court then found a limited partnership to be analogous to a cestui que trust or preferred stockholders of a corporation and held that the plaintiff had a common-law right to bring a derivative action.

This case, in contrast, involves a fraternal benefit society, not a limited partnership, and *Jaffe* provides common-law guidance only if the statues at issue do not preclude plaintiff's suit. Plaintiff asserts without citation, and without offering his own interpretation of the above-quoted statutes, that there is no statutory limit on members' rights to bring suit. However, MCL 500.8193 plainly prevents any party, including members, from seeking an injunction against a fraternal benefit society, except for the Attorney General, acting at the request of the Commissioner of Insurance. Moreover, plaintiff's claims that the directors' actions harmed Gleaner and its members financially fall squarely within the type of claim described in MCL 500.8191(1), and thus constitute an "action under [that] section." Under MCL 500.8191(5), only the Attorney General may bring such claims. Plaintiff appears to be arguing that the statute does not include an express provision precluding members from bringing claims alleging that the society is harming its members and only provides the procedure that applies when the commissioner brings suit. We disagree. If that reading were correct, the Legislature would have no need to

enact subsection 5 of the statute. "We cannot presume that the legislature would do a useless thing." *Dearborn Twp v Dearborn Twp Clerk*, 334 Mich 673, 684; 55 NW2d 201 (1952). By its plain language, the statutory scheme that controls fraternal benefit societies does not permit such an action or remedy unless brought "by the attorney general upon request of the [insurance] commissioner." Plaintiff's remedy here was to petition the Commissioner of Insurance to investigate Gleaner and its board for misconduct proscribed by the Insurance Code.[2] The trial court did not err in dismissing plaintiff's action under MCR 2.116(C)(8).[3]

Affirmed.

---

[2] Defendants do not raise the argument that plaintiff has failed to exhaust his administrative remedies, nor does plaintiff argue that he has already done so. We therefore do not decide here whether that avenue is still open to plaintiff.

[3] Because this conclusion is dispositive, we do not need to address whether the action should have been dismissed under MCR 2.116(C)(6); however, we note that to the extent defendants are correct in their argument that this is not really a derivative suit but merely plaintiff seeking to remedy his own, personal claims in another venue, MCR 2.116(C)(6) would bar the claims. See, e.g., *J D Candler Roofing Co, Inc v Dickson*, 149 Mich App 593, 598; 386 NW2d 605 (1986).