*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAEGAN TURNER, by WALTER SAKOWSKI,
Conservator,

        Plaintiff,

and

RIVERVIEW MACOMB HOME &
ATTENDANT CARE, LLC,

        Intervening Plaintiff,

v

FARMERS INSURANCE EXCHANGE,

        Defendant/Cross-Plaintiff/Cross-
        Defendant-Appellant,

and

ENTERPRISE LEASING CORPORATION OF
DETROIT, LLC, and EAN HOLDINGS, LLC,

        Defendants/Cross-Defendants-
        Appellees,

and

ESTATE OF JASON PUCKETT, by GARY
DUANE RUPP, Personal Representative,

        Defendant/Cross-Plaintiff,

and

FOR PUBLICATION
April 16, 2019
9:00 a.m.

No. 339624
Wayne Circuit Court
LC No. 16-002031-NF

PATSY VILLNEFF and TAMERA HARPER,

        Defendants/Cross-Defendants.

JONTE EVERSON,

        Plaintiff,

v

FARMERS INSURANCE EXCHANGE,

        Defendant/Third-Party Plaintiff-
        Appellant,

and

ENTERPRISE LEASING COMPANY,

        Third-Party Defendant-Appellee.

No. 339815
Washtenaw Circuit Court
LC No. 16-000359-NF

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

BORRELLO, J.

These consolidated appeals[1] arise from insurer priority disputes under the Michigan no-fault act, MCL 500.3101 *et seq.* In Docket No. 339624, Farmers Insurance Exchange appeals as of right the Wayne Circuit Court's order granting summary disposition of its cross-complaint in favor of Enterprise Leasing Corporation of Detroit, LLC, and EAN Holdings, LLC. In Docket No. 339815, Farmers appeals as of right the Washtenaw Circuit Court's order granting summary disposition on its third-party complaint in favor of Enterprise Leasing Company. For the reasons set forth in this opinion, we reverse and remand for further proceedings.

## I. BACKGROUND

### A. DOCKET NO. 339624

---

[1] This Court consolidated these appeals "to advance the efficient administration of the appellate process." *Turner v Farmers Ins Exch*, unpublished order of the Court of Appeals, entered March 14, 2018 (Docket Nos. 339624 and 339815).

In Docket No. 339624, Maegan Turner was injured in a motor vehicle accident while riding as a passenger in car driven by Tamera Harper and which Harper had rented from Enterprise Leasing Corporation of Detroit, LLC. The car was registered in Maryland and owned by EAN Holdings, LLC, which had obtained a certificate of self-insurance that permitted it to operate as a Michigan automobile self-insured entity pursuant to MCL 500.3101d(1). For purposes of the instant appeal, there appears to be no substantial difference between Enterprise and EAN Holdings.[2]

Following the accident, Enterprise denied a request to pay personal protection insurance (PIP) benefits stemming from Turner's injuries. Enterprise concluded that it was not financially responsible for Turner's PIP benefits, asserting that the Michigan no-fault act was inapplicable because the rental car that Harper was driving was registered in Maryland and had not been operated in Michigan for more than 30 days at the time of the accident. Turner's claim for benefits was assigned to Farmers by the Michigan Automobile Insurance Placement Facility.

Turner subsequently initiated this lawsuit. During the course of the proceedings, Farmers filed a cross-claim seeking to have Enterprise declared the highest priority insurer such that Enterprise would be required to pay Turner's PIP benefits and reimburse Farmers for any benefits and expenses paid or incurred by Farmers in connection with Turner's claim for no-fault benefits. Farmers alleged that Enterprise was the insurer of the owner of the car that was involved in the motor vehicle accident and that the no-fault priority provision in MCL 500.3114(4)(a) required a person who was injured while he or she was an occupant in a motor vehicle to claim PIP benefits from the insurer of the owner or registrant of the vehicle occupied. Thus, Farmers asserted, because Enterprise was an applicable source of PIP benefits for Turner under MCL 500.3114(4)(a), Enterprise was higher in priority than Farmers as the assigned claims plan insurer.

Reiterating its argument that it was not required to pay PIP benefits under the no-fault act for its out-of-state vehicle, Enterprise moved under MCR 2.116(C)(8) and (10) for summary disposition. Enterprise argued that the car in which Turner had been riding was not required to have been registered in Michigan and therefore Enterprise did not have to maintain the security for payment of PIP benefits that is otherwise required by MCL 500.3101(1). Enterprise further argued that, as a nonresident corporation, it also was not required to maintain security on the car under MCL 500.3102(1) because the car was not registered in Michigan and had not been operated in Michigan for an aggregate of more than 30 days within the relevant calendar year.

In making this argument, Enterprise relied on our Supreme Court's decision in *Parks v Detroit Auto Inter-Ins Exch*, 426 Mich 191, 195-196; 393 NW2d 833 (1986). *Parks* involved an insurer priority dispute stemming from an accident involving an employee who was injured while occupying a vehicle owned by the employee's self-insured employer. Enterprise argues that *Parks* stands for, in relevant part, the proposition that "an out-of-state vehicle not required to be registered in Michigan and not operated in this state for more than thirty days is not subject to

---

[2] Accordingly, we will refer to these entities collectively as "Enterprise" throughout this opinion.

the security provisions" of the no-fault act. Accordingly, Enterprise argues, the priority provisions in MCL 500.3114 were therefore inapplicable to the instant case.

In response, Farmers argued that as the assigned claims insurer, it was merely the PIP provider of last resort when no other PIP coverage was available and that Enterprise was the entity actually obligated to provide Turner's PIP benefits. Farmers specifically argued that pursuant to MCL 500.3114(4)(a), Enterprise was first in priority because it owned the vehicle at issue and was self-insured, thus making it the insurer of the "owner or registrant of the vehicle occupied." Farmers maintained that under MCL 500.3114(4)(a), it was irrelevant whether Enterprise was required to register the vehicle at issue in Michigan or maintain security on that particular vehicle because § 3114(4)(a) was only concerned with the insurer "of the owner or registrant" of the vehicle and not with whether the particular vehicle involved in the accident was itself actually insured by the security required under the Michigan no-fault act.

In a written opinion, the trial court granted Enterprise's motion for summary disposition under MCR 2.116(C)(8) and (10) and ruled that Enterprise was not required to reimburse Farmers for benefits it paid to Turner. Relying on *Parks*,[3] the trial court concluded that the priority statute was inapplicable to the instant case because the vehicle involved in the accident was registered in Maryland and was not driven in Michigan for more than 30 days or required to have been registered in Michigan, thus making the vehicle at issue not subject to the security requirements of the no-fault act. These appeals then ensued.

## B. DOCKET NO. 339815

In Docket No. 339815, Jonte Everson was involved in a motor vehicle accident while driving a car that he had rented from Enterprise. The car was registered in Pennsylvania and owned by EAN Holdings. As in Docket No. 339624, evidence was submitted into the record that EAN Holdings had obtained a certificate of self-insurance for purposes of Michigan's no-fault act. Additionally, the car had not been operated in Michigan for an aggregate of more than 30 days during the relevant calendar year. Everson made a claim for benefits through the Michigan Assigned Claims Plan, and his claim was assigned to Farmers.

---

[3] The trial court also relied on this Court's unpublished opinion in *Heichel v Geico Indemnity Co*, unpublished per curiam opinion of the Court of Appeals, issued March 1, 2016 (Docket Nos 323818 and 324045), for the proposition that the no-fault act's priority provisions in MCL 500.3114 are completely inapplicable if the vehicle involved in an accident is not required to have been registered in Michigan. This Court in *Heichel* relied on our Supreme Court's decision in *Parks* to reach their decision. However, because we conclude that the *Parks* Court's analysis of MCL 500.3114(3) is not controlling on the question of the construction of MCL 500.3114(4)(a), we rely instead on this Court's published decision in *Farmers Ins Exch v Farm Bureau Ins Co*, 272 Mich App 106; 724 NW2d 485 (2006), which involved analysis of language in Subsection (5)(a) that is virtually identical to the language in Subsection (4)(a) that is at issue in the instant case.

After Everson initiated this lawsuit against Farmers, Farmers filed a third-party complaint against Enterprise in which Farmers sought a declaration that Enterprise was higher in priority and was liable to pay any no-fault benefits owed to Everson, including reimbursement to Farmers for any no-fault benefits it was required to pay to or for the benefit of Everson. As in Docket No. 339624, the sole matter requiring resolution at this juncture in Docket No. 339815 is the priority dispute between Farmers and Enterprise.

Enterprise moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), making essentially the same argument that it made in Docket No. 339624. Farmers opposed the motion, also making essentially the same argument that it made in Docket No. 339624.

The trial court granted summary disposition in favor of Enterprise under MCR 2.116(C)(10). Relying on *Parks*,[4] the trial court ruled that Enterprise was entitled to summary disposition because there was no genuine issue of material fact that the car that Everson was driving had not been operated in Michigan for an aggregate of more than 30 days during the calendar year. The trial court reasoned that a "vehicle that is exempt from registration in Michigan cannot and does not trigger application of the statutory order of priority under no-fault law."

## II. STANDARD OF REVIEW

A trial court's summary disposition ruling is reviewed de novo to determine whether the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Because it is necessary in these consolidated cases to consider material outside the pleadings, we review the summary disposition rulings of the respective trial courts as having been granted under MCR 2.116(C)(10). See *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007). In doing so, a court must consider "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 120 (citation omitted). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Additionally, issues of statutory interpretation are reviewed de novo. *In re Bradley Estate*, 494 Mich 367, 377; 835 NW2d 545 (2013).

## III. ANALYSIS

On appeal, Farmers argues as it did below, that Enterprise is higher in priority because Enterprise was self-insured and owned the vehicles involved in each of the accidents, and MCL

---

[4] Like the trial court in Docket No. 339624, the trial court in Docket No. 339815 also relied on this Court's unpublished opinion in *Heichel*.

500.3114(4)(a) provides that PIP benefits must be paid by the *"insurer of the owner or registrant of the vehicle occupied"* regardless of whether the particular vehicle involved in the accident was actually insured or required to be insured. (Emphasis added.) Enterprise, also arguing consistently with its position at the trial court level, maintains that under *Parks*, 426 Mich at 203-207, the priority provisions in MCL 500.3114 are completely inapplicable and Enterprise cannot be considered the "insurer of the owner or registrant of the vehicle occupied" for purposes of § 3114(4)(a) because Enterprise was not required to maintain no-fault security on the vehicles.

In opposition, Enterprise argues that as a nonresident corporation, it was exempt from the security mandates of §§ 3101(1)[5] and 3102(1)[6] of the no-fault act because the vehicles at issue were not required to have been registered in Michigan and were not operated in Michigan for an aggregate of more than 30 days in the calendar year at issue. Enterprise thus argues that because it was not required to maintain no-fault security on the specific vehicles involved in each of the accidents, the priority provisions of the no-fault act do not apply and it cannot be liable for paying PIP benefits based on the accidents involving those specific vehicles.

The issue before us concerns the construction of various provisions of the no-fault act. "When interpreting statutes, our primary goal is to ascertain and give effect to the intent of the Legislature." *Averill v Dauterman*, 284 Mich App 18, 22; 772 NW2d 797 (2009). We first consider the "fair and natural import of the terms employed" in the statutory language, in light of the subject matter of the law. *Id*. If the plain and ordinary meaning of the statute is clear, then it is enforced as written and judicial construction is "normally neither necessary nor permitted." *Id*.

We begin our analysis with the no-fault act priority provisions contained in MCL 500.3114. Under MCL 500.3114(1), a person seeking no-fault benefits must generally look first to his or her own insurer,[7] unless one of the exceptions in MCL 500.3114(2), (3), or (5) applies.

---

[5] MCL 500.3101(1) provides in relevant part as follows:

> The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security is only required to be in effect during the period the motor vehicle is driven or moved on a highway.

[6] MCL 500.3102(1) provides as follows:

> A nonresident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter.

[7] Under this general first priority rule, an injured person also may be covered under the no-fault policy of certain relatives. More specifically, the statutory provision states in relevant part as

*Farmers Ins Exch v Farm Bureau Ins Co*, 272 Mich App 106, 111; 724 NW2d 485 (2006). In the instant case, it is undisputed that none of these exceptions apply, and there is also no dispute between the parties that neither Turner nor Everson had an applicable policy of no-fault insurance under § 3114(1). In such a case, when Subsection (1) applies but there is no available insurer, we next look to Subsection (4) because these two subsections "together establish the general order of priority." *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 301; 876 NW2d 853 (2015) (quotation marks and citation omitted). MCL 500.3114(4) provides in pertinent part as follows:

> [A] person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) *The insurer of the owner or registrant of the vehicle occupied.*
>
> (b) The insurer of the operator of the vehicle occupied. [Emphasis added.]

Finally, under "certain limited circumstances, a person may also claim benefits through the Assigned Claims Facility under MCL 500.3172(1)." *Farmers Ins Exch*, 272 Mich App at 112. Section 3172(1) provides in as follows:

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. In that case, unpaid benefits due or coming due may be collected under the assigned claims plan and the insurer to which the claim is assigned is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility.

"Under the no-fault act, the Assigned Claims Facility represents the insurer of last priority." *Spencer v Citizens Ins Co*, 239 Mich App 291, 301; 608 NW2d 113 (2000).

---

follows: "Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." MCL 500.3114(1). In this case, it is undisputed that neither Turner nor Everson had any available no-fault insurance coverage under MCL 500.3114(1).

Resolution of the instant appeal turns on the meaning of the language in § 3114(4)(a) providing that "a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits" first from the "*insurer of the owner or registrant* of the vehicle occupied." (Emphasis added.)

Essentially the same language appears in the priority provision in MCL 500.3114(5)(a), which is an exception to Subsection (1) and applies when a motorcycle rider is injured in a motor vehicle accident involving a motor vehicle. *Farmers Ins Exch*, 272 Mich App at 111. Section 3114(5)(a) provides as follows:

> A person suffering accidental bodily injury arising from a motor vehicle accident that shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) *The insurer of the owner or registrant of the motor vehicle involved* in the accident. [Emphasis added.]

In *Farmers Ins Exch*, this Court interpreted this language in MCL 500.3114(5)(a) in a case analogous to the issue presented here. In *Farmers Ins Exch*, a motorcyclist was injured when he was struck by an uninsured van. *Farmers Ins Exch*, 272 Mich App at 108. However, the defendant insurance company had issued a no-fault insurance policy to one of the van's owners. *Id*. The policy listed another vehicle owned by the insured, but it did not list the van that was involved in the accident or the insured's girlfriend who was driving the van when the accident occurred. *Id*. The motorcyclist submitted a claim for first-party no-fault benefits through the Assigned Claims Facility, and the claim was assigned to the plaintiff insurance company. *Id*. The plaintiff subsequently sought to make the defendant begin paying no-fault benefits to the motorcyclist, as well as reimbursement from the defendant for benefits the plaintiff had already paid. *Id*. The plaintiff argued that the defendant was first in priority under MCL 500.3114(5), while the defendant argued that it had no obligation under that statute to pay. *Id*.

In describing the issue presented on appeal in *Farmers Ins Exch*, this Court stated:

> The issue before us is whether MCL 500.3114(5)(a) requires an insurer to pay an injured motorcyclist no-fault benefits when the insurer did not issue a policy covering the vehicle involved in the accident. Defendant's position is that MCL 500.3114(5)(a) does not require payment of no-fault benefits because MCL 500.3114(5)(a) only requires an insurer to provide no-fault benefits under these facts if the insurer actually insured the motor vehicle involved in the accident. Plaintiff's position is that MCL 500.3114(5)(a) does require payment of no-fault benefits because the plain language of MCL 500.3114(5)(a) states that the insurer need not insure the vehicle in the accident, but must insure the owner or registrant. [*Farmers Ins Exch*, 272 Mich App at 110-111.]

This Court then analyzed the statutory language as follows:

MCL 500.3114(5)(a) states that the insurer is liable if it is "[t]he insurer of the owner or registrant of the motor vehicle involved in the accident." In order to scrutinize the plain language of the statutory sentence, we consult the dictionary definition of the word "of." The word "of" is "used to indicate inclusion in a . . . class" and "used to indicate possession or association . . . " *Random House Webster's College Dictionary* (1997). The sequential prepositional phrases "*of* the owner or registrant" and "*of* the motor vehicle involved in the accident" define the relevant insurer. The first prepositional phrase, "of the owner or registrant," establishes a relationship between the "insurer" and an individual "owner or registrant" on the basis of the contractual nature of the parties' relationship. The second phrase establishes a relationship between an individual "owner or registrant" and "the motor vehicle involved in the accident" on the basis of "the owner or registrant['s]" possession of "the motor vehicle involved in the accident."

The prepositional phrases demarcate contracting parties, with the first party defined by the contractual relationship and the second party defined by the possessive relationship. Pursuant to the plain language of the statute, all that is required for an insurer to be first in priority to pay no-fault benefits is to insure "the *owner or registrant* of the motor vehicle involved in the accident." In other words, the plain language of MCL 500.3114(5)(a) states that the insurer need not insure the vehicle in the accident, but must insure the owner or registrant. Here, because defendant insured Petiprin, who owned the van involved in the accident, defendant is first in priority to provide benefits under MCL 500.3114(5)(a). Had the Legislature intended MCL 500.3114(5)(a) only to require an insurer to provide no-fault benefits if the insurer actually insured the motor vehicle involved in the accident, it could have chosen the following language for MCL 500.3114(5) (a): "The insurer of the motor vehicle involved in the accident," deleting the first prepositional phrase, "of the owner or registrant." Clearly, the Legislature did not choose that language, and for us to adopt defendant's position would be to render the phrase "of the owner or registrant" in the statute nugatory.

Defendant asserts that by repeating the article "the" in MCL 500.3114(5)(a), the Legislature intended to "particularize the subject matter," i.e., to indicate that priority is limited to "the insurer of the motor vehicle involved in the motor vehicle accident." Again, to interpret the statute as defendant suggests is contrary to the plain language of the subsection and renders meaningless the qualifying phrase, "the owner or registrant of." If the Legislature had intended to limit MCL 500.3114(5)(a) as defendant suggests, it could have done so, but it did not. Because the plain language of MCL 500.3114(5)(a) requires that an insurer that insures an owner or registrant who owns the motor vehicle involved in an accident with a motorcycle is first in priority to pay no-fault benefits to the injured person, further construction is not permitted. Our holding "is consistent with the legislative intent that persons rather than vehicles be insured against loss." *Pioneer State Mut Ins Co v Titan Ins Co*, 252 Mich App 330, 337; 652 NW2d 469 (2002).

Further supporting our reasoning in this case is this Court's holding in *Pioneer*, *supra*. In construing similar language in MCL 500.3115(1)(a), the Court in *Pioneer* concluded that an insurer is required to provide no-fault benefits regardless of whether the insurer covered the motor vehicle involved in the accident. *Pioneer*, *supra* at 336. MCL 500.3115(1) establishes the priority in which an uninsured nonoccupant of a vehicle must claim no-fault benefits and provides in relevant part as follows:

> Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) *Insurers of owners or registrants of motor vehicles involved in the accident.* [Emphasis added.]

The *Pioneer* Court was called on to construe MCL 500.3115(1)(a), and it concluded:

> This statutory language clearly states that the insurer of the owner or registrant of the motor vehicle involved in the accident is liable for payment of personal protection insurance benefits . . . [T]he statute does not state that the injured person must seek these benefits from the insurer of the motor vehicle. Stated another way, the statute does not mandate that the vehicle involved in the accident must have been insured by the insurer of the owner before an injured person can seek benefits. [*Pioneer*, *supra* at 336.]

Because the language in MCL 500.3115(1)(a) is materially identical to that in MCL 500.3114(5)(a), the *Pioneer* reasoning also applies in this case and supports our holding. [*Farmers Ins Exch*, 272 Mich App at 113-115 (alterations and ellipses in original; some citations omitted).]

Here, the language in MCL 500.3114(4)(a) is materially identical to the language in MCL 500.3114(5)(a). Accordingly, the analysis in *Farmers Ins Exch* applies to the construction of § 3114(4)(a). *Id.* at 115. Thus, we adopt the reasoning of *Farmers Ins Exch* for purposes of the instant case. See also *Titan Ins Co*, 312 Mich App at 295, 302 (holding that priority is determined under § 3114(4) by looking to the insurer of other vehicles owned by the owner of the particular uninsured vehicle that was involved in a motor vehicle accident). Section 3114(4)(a) plainly refers to the insurer of the vehicle's "owner or registrant," regardless of whether the particular vehicle involved in the accident was actually covered by the security described in § 3101(1).

Applying the analytical framework set forth in *Farmers Ins Exch* to the facts of this case, we find no dispute that Enterprise was the owner and registrant of the vehicles at issue that were occupied by Turner and Everson respectively when each of the accidents occurred. Furthermore, there is no dispute that Enterprise was self-insured. The issue then becomes whether Enterprise,

-10-

as a self-insured entity that was the owner and registrant of the vehicles at issue, may be considered the "insurer of the owner or registrant."

MCL 500.3101(1) mandates that an "owner or registrant of a motor vehicle required to be registered in this state . . . maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance." The no-fault act permits an entity to satisfy this requirement by becoming a self-insurer rather than obtaining a policy of no-fault insurance. Specifically, MCL 500.3101(4) provides as follows:

> Security required by subsection (1) may be provided by any other method approved by the secretary of state as affording security equivalent to that afforded by a policy of insurance, if proof of the security is filed and continuously maintained with the secretary of state throughout the period the motor vehicle is driven or moved on a highway. The person filing the security has all the obligations and rights of an insurer under this chapter. *When the context permits, "insurer" as used in this chapter, includes a person that files the security as provided in this section.* [Emphasis added.]

Additionally, MCL 500.3101d states in pertinent part:

> (1) A person in whose name more than 25 motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the commissioner under subsection (2).

> (2) The commissioner may, in his or her discretion, on the application of a person who wishes to qualify under subsection (1), issue a certificate of self-insurance to the person if the commissioner is satisfied that the person has and will continue to have the ability to pay judgments obtained against the person.

The plain language of MCL 500.3114(4)(a) refers to the "insurer of the owner or registrant" and must therefore mean the entity providing no-fault insurance for the owner or registrant. There was evidence in the records below that Enterprise had formalized its status as a self-insurer under the Michigan no-fault act by obtaining the certificate of self-insurance described in MCL 500.3101d. Enterprise manifested its intent to comply with the requirements of the Michigan no-fault act's security mandate by using its own means to provide "security equivalent to that afforded by a policy of insurance," thus functioning as its own insurer. MCL 500.3101(4). In light of the specific language of MCL 500.3114(4)(a) and the function of a self-insurer, we conclude that it is permissible in this context to include a self-insured entity such as Enterprise within the meaning of the term "insurer" as used in MCL 500.3114(4)(a). MCL 500.3101(4); MCL 500.3101d(1) and (2); see also *Allstate Ins Co v Elassal*, 203 Mich App 548, 554; 512 NW2d 856 (1994) (stating that the "no-fault act explicitly treats a self-insurer as an insurer, with 'all the obligations and rights of an insurer' " and further noting that "self-insurance, as certified by the Secretary of State, is the functional equivalent of a commercial insurance policy, with the purpose of either form being to compensate victims properly"), quoting MCL 500.3101(4).

However, such a conclusion does not finish our analysis. We must also address Enterprise's argument that the priority provision in MCL 500.3114(4)(a) does not even apply because, according to Enterprise, it was exempt from the mandatory no-fault security requirements with respect to the vehicles involved in the accidents at issue. Enterprise argues that because the vehicles at issue were not "required to be registered in this state," it was not obligated to maintain the no-fault security mandated under MCL 500.3101(1) on those vehicles. Enterprise further argues that it is a nonresident entity and that the vehicles at issue were not operated in Michigan for an aggregate of more than 30 days in the relevant calendar year in each case, thus also negating any requirement to maintain no-fault security as set forth in MCL 500.3102(1). That statute provides as follows:

> A nonresident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter. [MCL 500.3102(1).]

Consequently, Enterprise maintains that pursuant to *Parks*, 426 Mich at 203-207, it cannot be responsible for paying the no-fault benefits at issue in this case because the priority provisions in MCL 500.3114 cannot be triggered when the particular vehicle at issue is not required to be covered by the security described in § 3101(1) of the no-fault act.

In *Parks*, 426 Mich at 196-197, an employee was injured while working inside a trailer that was owned by his self-insured employer, was not registered in Michigan, and which had not been operated in Michigan for an aggregate of more than 30 days during that calendar year. The relevant issue in that case concerned the application of the priority provision implicated under such circumstances, which is contained in MCL 500.3114(3). *Id*. at 203. That statute provides that an "employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled *from the insurer of the furnished vehicle*." MCL 500.3114(3) (emphasis added). In *Parks*, our Supreme Court held "that an out-of-state vehicle not required to be registered in Michigan and not operated in this state for more than thirty days is not subject to the security provisions or § 3114(3) of the no-fault act and that when an employee is injured while an occupant of such a vehicle, the employee's personal insurer, if there is one, must pay the employee's personal protection benefits under § 3101(1). *Parks*, 426 Mich at 196. The Court specifically explained that "the exception of an employee injured in an employer's vehicle contained in subsection 3 of § 3114 applies only in the case in which the insured vehicle is required to be registered in this state" and that "because the vehicle was not registered in this state and thus the exception of subsection 3 does not apply, we look to the general intention of the Legislature in § 3114(1) to provide compensation for liability through the injured person's personal insurer." *Id*. at 206.

We conclude that *Parks* is not controlling of the specific issue presented in the instant case for several reasons. First, the Court in *Parks* was primarily concerned with a different priority provision—§ 3114(3)—than the one at issue in the instant cases—§ 3114(4)(a). *Parks*,

426 Mich at 196. Although the *Parks* Court addressed § 3114(4) in a footnote, the Court merely stated that

> [t]hose injured while *occupants* of motor vehicles must look to the rules provided in subsections 1, 2, and 3 before applying the priorities listed in subsection 4. The implication of the phrase "owner *or* registrant" was not extensively argued. But we assume subsection 4 does not apply because we read the phrase "owner or registrant of the vehicle occupied" within subsection 4 to be part of the more complete requirement as stated in § 3101(1): "The owner or registrant of a motor vehicle *required to be registered in this state*" . . . [*Parks*, 426 Mich at 203 n 3.]

We note that the *Parks* Court merely *assumed* this to be true without actually analyzing or deciding this issue. Moreover, there was no need to reach Subsection (4) in *Parks* because the issue in that case became whether the self-insured employer was first in priority under Subsection (3) or, if not, the employee's personal insurer was first in priority under Subsection (1). *Id*. at 196, 203, 206. Subsection (4) only comes into play if there is no available insurer under Subsection (1). *Titan Ins Co*, 312 Mich App at 301. The *Parks* Court's brief statement regarding Subsection (4) was thus nonbinding obiter dictum. *Auto Owners Ins Co v Seils*, 310 Mich App 132, 160 n 7; 871 NW2d 530 (2015) ("Obiter dicta are not binding precedent. Instead, they are statements that are unnecessary to determine the case at hand and, thus, lack the force of an adjudication.") (citation and quotation marks omitted). We further note that "motor vehicle" is specifically defined for purposes of the no-fault act to mean "a vehicle, including a trailer, that is operated or designed for operation on a public highway by power other than muscular power and has more than 2 wheels." MCL 500.3101(2)(i). For these reasons, we conclude that *Parks* does not bind this Court to reach a certain result with respect to the meaning of Subsection (4)(a) and, contrary to Enterprise's argument, *Parks* is not dispositive in resolving the instant priority dispute.

Second, the language of § 3114(3) explicitly ties the insurer's priority status to whether it insured "the furnished vehicle," while the language of § 3114(4)(a) instead ties the insurer's priority status to whether it insured the vehicle's "owner or registrant." With respect to Subsection (3), *Parks* instructs that if the employer was not required to maintain no-fault security on the vehicle at issue, then the employer is not liable for paying PIP benefits under Subsection (3). *Parks*, 426 Mich at 206-207. However, as we have previously discussed, Subsection (4)(a) assigns liability to the insurer of the vehicle's *owner or registrant* without regard for whether no-fault security was actually maintained on the particular vehicle itself. *Farmers Ins Exch*, 272 Mich App at 113. Therefore, this distinction in language between Subsections (3) and (4)(a) matters, and *Parks* is not persuasive or controlling on the issue of ascertaining the meaning of Subsection (4)(a).

Third, and as we have already somewhat alluded to during the course of our analysis, considering that Subsection (4)(a) makes the insurer of the vehicle's owner or registrant the focus (rather than the insurer of the vehicle itself), the questions whether the vehicles at issue were required to be registered in Michigan or were covered by no-fault security are completely irrelevant for purposes of determining priority when that determination is to be made under MCL 500.3114(4)(a).

-13-

Next, Enterprise makes an additional argument that it is not first in priority for the independent reason that it is not an "insurer" as that term is used in § 3114(4)(a). In making this argument, Enterprise relies on the *Parks* Court's statement that for purposes of MCL 500.3163(1), "status as a self-insurer does not place it in the category of '[a]n insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state . . . ' " *Parks*, 426 Mich at 208 (ellipsis in original). MCL 500.3163(1) provides in full as follows:

> An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act.

However, the *Parks* Court's conclusion on this issue is not as sweeping as Enterprise asserts. The statutory rule is that a self-insurer will be treated as an insurer under the no-fault act wherever the context permits. See MCL 500.3101(4). Thus, the fact that our Supreme Court has held that a self-insurer will not be treated as an "insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state" under § 3163(1) does not equate to a finding that a self-insurer cannot be treated as an "insurer" under § 3114(4)(a). We have already explained why the context of § 3114(4)(a) permits treating a self-insurer as an "insurer" under that statutory provision based on the self-insurer's obligation to provide "security equivalent to that afforded by a policy of insurance" under MCL 500.3101(4).[8] We therefore reject Enterprise's argument that it is not an "insurer" in this context.

In this case, Enterprise is higher in priority than Farmers under § 3114(4)(a) because Enterprise was self-insured and therefore was the insurer of the vehicles' owner and registrant; *Parks* does not compel a different result.[9]

---

[8] Our conclusion is further supported by comparing MCL 500.3101(4), which has already been quoted in this opinion, with MCL 500.3101(3). MCL 500.3101(3) provides as follows:

Security required by subsection (1) may be provided under a policy issued by an authorized insurer that affords insurance for the payment of benefits described in subsection (1). A policy of insurance represented or sold as providing security is considered to provide insurance for the payment of the benefits.

[9] Enterprise also relies on this Court's unpublished decision in *Heichel*, unpub op at 5-6, which in analyzing § 3114(5), relied in *Parks* to hold that "[a] vehicle that does not need to be registered in Michigan cannot trigger the application of the priority provisions set forth in MCL 500.3114." In so holding, the panel in *Heichel* concluded that EAN was not liable for paying first-party no-fault benefits to a motorcyclist that had been in an accident with a car that had been rented from Enterprise but was owned by EAN, registered in North Carolina, and had been in

## IV. CONCLUSION

We hold that in the case of a qualified self-insurer under Michigan's no-fault act, the priority provision in MCL 500.3114(4)(a) refers to that self-insurer as the insurer of the motor vehicle's "owner or registrant," regardless of whether the particular vehicle involved in an accident was required to be covered by no-fault security under MCL 500.3101(1) or MCL 500.3102(1). Accordingly, in both Docket No. 339624 and Docket No. 339815, we reverse because Enterprise was higher in priority pursuant to MCL 500.3114(4)(a) and Farmers was entitled to summary disposition in its favor. We remand in both cases for further proceedings consistent with this opinion.[10]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Appellant having prevailed in full is entitled to costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Mark J. Cavanagh

---

Michigan less than 30 days. *Id*. at 2-3. Nonetheless, as previously mentioned, we are not bound by unpublished decisions of this Court, MCR 7.215(C)(1), and we do not find the *Heichel* decision to be persuasive for the same reasons that we conclude that our decision in the instant appeal is not governed by *Parks*.

[10] In light of our resolution of this issue, the remaining arguments by Farmers regarding Enterprise's residency are moot and we decline to address them. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).